Per Curiam.
This case presents the question whether a complaint alleging medical malpractice that is filed before the expiration of the notice period provided by MCL 600.2912b tolls the period of limitations. The Court of Appeals held that a prematurely filed complaint invokes the tolling provisions of MCL 600.5856(a). We disagree. MCL 600.2912b(l) unambiguously states that a person “shall not” commence an action alleging medical malpractice until the expiration of the statutory notice period. A complaint filed before the expiration of the notice period violates MCL 600.2912b and is ineffective to toll the limitations period. We reverse the judgment of the Court of Appeals and reinstate the Osceola Circuit Court’s grant of summary disposition for the defendants.
I. FACTS AND PROCEDURAL HISTORY
On January 17, 1998, plaintiff[1] went to the emergency room of defendant Reed City Hospital complaining of abdominal pain, nausea, and vomiting. Tests revealed the presence of an ulcer. Plaintiff was hospitalized and treated with medications until January 23, 1998. On January 26, 1998, the individually named defendants performed stomach and gall bladder surgery on plaintiff.
On February 10, 2000, plaintiff filed a medical malpractice complaint, alleging that his common bile duct and pancreatic duct were negligently transected during *748 the surgery and that corrective surgery had to be performed in November 1998. Plaintiff alleges that he suffered residual, permanent damage as a result of the individual defendants’ negligence.
The alleged malpractice occurred on January 26, 1998. The period of limitations for a medical malpractice action is two years. MCL 600.5805(6). Absent tolling, the statutory period of limitations would therefore have expired on January 26, 2000.
Plaintiffs counsel sent defendants a notice of intent to file a claim on October 18, 1999. Under MCL 600.5856(d), if the period of limitations would expire during the notice period, the period of limitations is tolled for 182 days and then resumes running after the 182-day period. In this case, the limitations period was tolled until April 17, 2000, and then resumed running, expiring on July 26, 2000.
Plaintiff filed a complaint and an affidavit of merit under MCL 600.2912d on February 10, 2000, 115 days after he provided his notice of intent. After receiving from plaintiffs counsel two extensions of time in which to answer, defendants filed an answer to the complaint on May 8, 2000. Defendants’ affirmative defenses included the following:
5. That plaintiffs claim is barred by the applicable Statute of Limitations.
12. That plaintiff has failed to comply with the provisions of MOLA 600.2912b and MCLA 600.2912d, et seq\.], and plaintiffs complaint must, therefore, be dismissed.
A pretrial status conference was held on June 29, 2000. The summary of that conference provides that *749 “Counsel stated that the status of the pleadings is satisfactory, pending discovery.”
On August 24, 2000, defendants moved for summary disposition pursuant to MCR 2.116(C)(8) or (C)(10), alleging that plaintiff failed to comply with the notice provisions of MCL 600.2912 et seq.[2] Defendants’ motion pointed out that plaintiffs complaint was filed only 115 days after the date the notice of intent was sent. Defendants’ motion alleged that the prematurely filed complaint did not toll the limitations period, which expired on July 26, 2000.
Plaintiff acknowledged 'that the complaint was filed before the expiration of the notice period, but argued that the filing of the complaint nevertheless tolled the period of limitations, such that the proper remedy was dismissal without prejudice. Plaintiff also asserted that defense counsel had engaged in misconduct by expressing satisfaction with the state of the pleadings at the pretrial conference and by waiting until after the limitations period had run to bring the motion for summary disposition. Plaintiff argued that defense counsel’s misconduct resulted in a waiver, or that defendants were estopped from challenging the premature filing of the complaint.
The trial court initially denied the motion for summary disposition. Although the trial court rejected the plaintiffs argument that defendants’ expression of satisfaction with the state of the pleadings at the pretrial conference waived the premature filing defense, it held that defendants’ failure to bring their motion for summary disposition before the expiration of the limitations *750 period resulted in a waiver. The court therefore denied defendants’ motion for summary disposition.
Defendants filed a motion for reconsideration. On reconsideration, the trial court reversed its prior decision and granted summary disposition to defendants. The trial court concluded that the affirmative defenses were sufficiently pleaded to place plaintiff on notice of a problem before the expiration of the limitations period.
Plaintiff appealed the trial court’s order to the Court of Appeals, which reversed in a published opinion. 259 Mich App 74; 673 NW2d 135 (2003). While acknowledging that dismissal is an appropriate remedy for noncompliance with the provisions of MCL 600.2912b and that when a case is dismissed the plaintiff must still comply with the applicable statute of limitations, the Court of Appeals nevertheless concluded that MCL 600.5856(a) operated to toll the period of limitations. Burton, supra at 85.
The Court of Appeals distinguished the present case from Scarsella v Pollak, 461 Mich 547; 607 NW2d 711 (2000), in which the plaintiff filed the complaint without also filing the affidavit of merit. The Court of Appeals determined that because the affidavit of merit was filed with the complaint in this case, the filing tolled the period of limitations. Burton, supra at 85-86. Finally, the Court of Appeals concluded that tolling is permissible where a complaint is filed prematurely because it does not result in unfair prejudice to the defendant. Id. at 87-89. It thus reversed the trial court’s order granting defendants’ motion for summary disposition.
Defendants filed an application for leave to appeal to this Court.
II. STANDARD OF REVIEW
We review the trial court’s grant of summary disposition de novo. Roberts v Mecosta Co Gen Hosp, 466 *751 Mich 57, 62; 642 NW2d 663 (2002) (Roberts I). This case involves questions of statutory interpretation, which are also reviewed de novo. Id. The cardinal principle of statutory construction is that courts must give effect to legislative intent. Morales v Auto-Owners Ins Co (After Remand), 469 Mich 487, 490; 672 NW2d 849 (2003). When reviewing a statute, courts necessarily must first examine the text of the statute. Dressel v Ameribank, 468 Mich 557, 562; 664 NW2d 151 (2003). If the Legislature’s intent is clearly expressed by the language of the statute, no further construction is permitted. Helder v Sruba, 462 Mich 92, 99; 611 NW2d 309 (2000).
III. ANALYSIS
A. RELEVANT STATUTES
MCL 600.2912b(l) precludes a medical malpractice claimant from commencing suit against a health professional or health facility unless written notice is provided to that professional or facility before the action is commenced. Section 2912b(l) provides:
Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [Emphasis supplied.]
After providing the written notice, the claimant is required to wait for the applicable notice period to pass before filing suit. The claimant generally must wait 182 days after providing the notice of intent before commencing an action alleging medical malpractice. MCL 600.2912b(l). A claimant may file an action after 154 days if no response to the notice is received as contemplated by MCL 600.2912b(7).
*752 MCL 600.5856(d) provides that the two-year period of limitations for medical malpractice actions is tolled during the notice period if notice is given in compliance with MCL 600.2912b. Defendants do not dispute that the notice given in this case tolled the period of limitations during the statutory notice period, so that the limitations period was extended through July 26, 2000.
The Court of Appeals concluded that the period of limitations was further tolled by plaintiffs prematurely filed complaint. It relied on MCL 600.5856(a), which states that the period of limitations is also tolled “[a]t the time the complaint is filed and a copy of the summons and complaint are served on the defendant.”
B. PLAINTIFF’S PREMATURELY FILED COMPLAINT DID NOT TOLL THE PERIOD OF LIMITATIONS
Section 2912b(l) unequivocally provides that a person “shall not” commence an action alleging medical malpractice against a health professional or health facility until the expiration of the statutory notice period. This Court has previously construed other such imperative language in the statutes governing medical malpractice actions. For example, in Scarsella, we held that a complaint alleging medical malpractice that is not accompanied by the statutorily required affidavit of merit is not effective to toll the limitations period because the Legislature clearly intended that an affidavit of merit “shall” be filed with the complaint. Id. at 549 (citing MCL 600.2912d[1]). In adopting the Court of Appeals opinion in Scarsella, we noted that the Legislature’s use of the word “shall” indicates a mandatory and imperative directive (citing Oakland Co v Michigan, 456 Mich 144, 154; 566 NW2d 616 [1997]). Scarsella, supra at 549. We concluded that the filing of a complaint without the required affidavit of merit was insufficient to commence the lawsuit. Id.
*753 In Omelenchuk v City of Warren, 461 Mich 567; 609 NW2d 177 (2000), a case involving tolling during the notice period, we held that a plaintiff cannot file suit without first giving the notice required by MCL 600.2912b. Omelenchuk, supra at 572. We further held that the limitations period cannot be tolled unless a plaintiff complies with the provisions of MCL 600.2912b. Omelenchuk, supra at 576.
In Roberts I,[3] another case involving tolling during the notice period, we again emphasized that a plaintiffs compliance with MCL 600.2912b is mandatory before tolling under MCL 600.5856(d) may occur. Roberts I, supra at 65, 67. We also held that MCL 600.2912b clearly places the burden of complying with the notice of intent requirements on the plaintiff and that this clear, unambiguous statute requires full compliance with its provisions as written. Roberts I, supra at 66.
In the instant case, the Court of Appeals correctly determined that dismissal is an appropriate remedy for noncompliance with the notice provisions of MCL 600.2912b and that when a case is dismissed, the plaintiff must still comply with the applicable statute of limitations. See Gregory v Heritage Hosp, 460 Mich 26, 47-48; 594 NW2d 455 (1999); Scarsella, supra at 552. The Court of Appeals erred, however, by basing its decision to reverse the decision of the trial court on the alleged lack of prejudice to the defendants, a factor that is not contained in the relevant statutes.
The directive in § 2912b(l) that a person “shall not” commence a medical malpractice action until the expiration of the notice period is similar to the directive in § 2912d(l) that a plaintiffs attorney “shall file with the *754 complaint an affidavit of merit.. . Each statute sets forth a prerequisite condition to the commencement of a medical malpractice lawsuit. The filing of a complaint before the expiration of the statutorily mandated notice period is no more effective to commence a lawsuit than the filing of a complaint without the required affidavit of merit. In each instance, the failure to comply with the statutory requirement renders the complaint insufficient to commence the action.
The fact that defendants did not bring their motion for summary disposition until the period of limitations had run does not constitute a waiver of the defense.[4] MCL 600.2912b places the burden of complying with the notice provisions on the plaintiff. Roberts I, supra at 66. As we explained in Roberts I, the purpose of a tolling *755 provision is to protect a plaintiff from a statute of limitations defense. Here, defendants specifically raised the statute of limitations and plaintiffs compliance with MCL 600.2912b in their answer and affirmative defenses.[5] Such a direct assertion of these defenses by defendants can by no means be considered a waiver. Roberts I, supra at 68-70. To the contrary, it was a clear affirmation and invocation of such defenses. Defendants’ pleadings were more than sufficient to comply with the requirements of MCR 2.116(D)(2) (requiring the statute of limitations to be raised in the first responsive pleading or in a motion filed before the responsive pleading).
The dissent contends that defendants’ failure to comply with the pleading requirements of MCL 600.2912e(l) and MCR 2.108(A)(1) acts as a forfeiture of the statute of hmitations defense. In Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 69; 642 NW2d 663 (2002), we stated that “a forfeiture necessarily requires that there be a specific point at which the right must be asserted or be considered forfeited.” Id. (emphasis omitted). In this case, that specific point must have either occurred at defendants’ first responsive pleading or at a motion filed before that pleading. MCR 2.116(D)(2). Here, defendants asserted the statute of hmitations argument in their May 8,2000, answer to plaintiffs complaint.
The dissent concludes, however, that defendants’ failure to either answer or provide an affidavit of meritorious defense within the statutory time frame requires forfeiture. While the medical malpractice statute is silent on the remedy for a violation of the pleading requirements, generally, the remedy against a *756 party who “fail[s] to plead or otherwise defend” in an action is default. MCR 2.603(A)(1). But this remedy was unavailable to plaintiff, because he afforded defendants two extensions of time in which to answer and also agreed to extend the time for service of the affidavit of meritorious defense through May 28, 2000. In sum, a party that stipulates an extension of the time permitted for a filing may not be heard to complain that the filing, when submitted within that extended period, is untimely.
IV CONCLUSION
Plaintiff did not fulfill his obligation under § 2912b. Accordingly, the limitations period was not tolled by the prematurely filed complaint. We therefore reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court granting summary disposition to defendants.
Taylor, C.J., and Weaver Corrigan, Young, and Markman, JJ., concurred.

 Plaintiff, Dale Burton, died following the proceedings in the trial court. The personal representative of his estate, Jack Burton, was substituted as plaintiff. For ease of reference, the term “plaintiff” refers to the decedent.

 Defendants also challenged the sufficiency of the affidavit of merit filed with the complaint. The trial court held that the affidavit met the statutory requirements. Defendants have not appealed that ruling.

 The case was remanded for consideration of other issues. Roberts v Mecosta Co Gen Hosp (On Remand), 252 Mich App 664; 653 NW2d 441 (2002); (After Remand) 470 Mich 679; 684 NW2d 711(2004).

 The assertion by the dissent that defendants implicitly waived their statute of limitations defense is not supported by the evidence. We agree that a waiver sometimes “ ‘may be shown by a course of acts and conduct, and in some cases will be implied therefrom.’ ” Klas v Pearce Hardware & Furniture Co, 202 Mich 334, 339; 168 NW 425 (1918) (citation omitted). However, neither of the acts cited by the dissent implies an “intentional abandonment” of defendants’ right to assert a statute of limitations defense. See Roberts I, supra at 64 n 4.
First, the request for additional time to answer plaintiffs prematurely filed complaint was not, in fact, “inconsistent with” their statute of limitations defense. Defendants did not, as a result of the extension granted them, file their answer after the limitations period had expired. Had they done so, the dissent’s theory would be more compelling. Rather, defendants filed their answer more than two months before the expiration of the limitations period. In addition, defendants’ express incorporation of such a defense in their answer makes clear that they were not intentionally abandoning that defense when they sought the extension.
Second, defendants’ expression during a pretrial conference that “the status of the pleadings is satisfactory” was also not “inconsistent with” their statute of limitations defense. This statement was offered only after defendants had filed their answer, which included the statute of limitations defense. There is nothing in the record to support an implication that defendants were willing to waive this defense on the basis of their “satisfaction” with the status of the pleadings.

 As noted earlier, the answer and affirmative defenses were filed on May 8, 2000, more than two months before the period of limitations expired.