KELLY, J.
(concurring). Given that I authored it, I fully concur in the majority opinion. I write this separate concurrence to address additional reasons why I believe the Court has reached the correct conclusion in *135 this case. The following further explains why the two means of authentication continue to coexist and demonstrates why the Legislature did not simply repeal MCL 600.2102(4). It also offers an added explanation of how the Court of Appeals attempt to harmonize MCL 600.210(4) with the Uniform Recognition of Acknowl-edgements Act actually subverted the Legislature’s intent.
Our interpretation of MCL 600.2102(4) and the Uniform Recognition of Acknowledgements Act (URAA), MCL 565.261 et seq., is supported by certain written matter that was supplied to the Legislature before it enacted the URAA. Of particular importance is the Michigan Law Revision Commission’s report and recommendations. The commission was created by the Legislative Council Act (LCA), MCL 4.1101 et seq. It is charged with recommending changes in the law to the Legislature. MCL 4.1403. The LCA also created the Legislative Service Bureau. MCL 4.1105. It is this bureau’s responsibility to compare pending bills with existing laws for the purpose of avoiding conflicts. MCL 4.1108(a). The bureau may also recommend legislation to the Legislative Council or the commission. MCL 4.1109. Along with its recommendations to the Legislature, the Legislative Council may submit proposed bills to implement the recommendations. MCL 4.1104(4).
The Michigan Law Revision Commission brought no conflicts to the Legislature’s attention in its report on the URAA. Rather, the report specifically advised the Legislature that it need not repeal any laws in order to fully effectuate the URAA. It stated, “The act does not require the amendment or repeal of any existing legislation in Michigan but the old Uniform Act adopted in 1895 ....” Michigan Law Revision Commission, Third *136 Annual Report, 1968. The reason no such action had to be taken was because of proposed language that later became MCL 565.268.[1]
Given the specialized function of the Michigan Law Revision Commission, its report carries extra weight in assisting a court’s interpretation of statutes. As the Legislature created the commission specifically to aid it in drafting legislation and identifying conflicts in the law, its report is a particularly useful tool in discerning legislative intent.
In this case, the report explains why MCL 600.2102 was retained. The Legislature did not repeal it because the commission advised that there was no need to do so. As the URAA was meant to provide an additional method of authentication, there was no need to repeal MCL 600.2102. Instead, by enacting MCL 565.268, the URAA made clear that there would be an additional and alternative method of authenticating affidavits. The commission’s report belies the argument that, by retaining MCL 600.2102, the Legislature intended it to trump the URAA.
The report specifically indicated to the Legislature that the National Conference of Commissioners on Uniform State Laws prepared the URAA. Michigan Law Revision Commission, Third Annual Report, 1968. The national commissioners prepared a prefatory note to the URAA to aid in its uniform enactment. This note is also a useful tool in discerning the legislative intent behind the URAA and in explaining why both it and *137 MCL 600.2102 remain good law. This is because, like the Michigan Law Revision Commission’s report, it told the Legislature that it need not overturn existing statutes to fully effectuate the URAA. The prefatory note stated that there was no need to amend existing acknowledgement law because the URAA was “in addition to” other recognition statutes. This demonstrates why the Legislature took no action to repeal MCL 600.2102.
The advice provided by these materials explains why the Legislature left MCL 600.2102 on the books when it adopted the URAA. And it informs our interpretation of the language of MCL 565.268. This provision of the URAA was included to streamline the enactment process. It did so by making the URAA a method of dealing with notarial acts that was additional to any existing before its enactment, including MCL 600.2102.
The Court of Appeals attempted to harmonize MCL 600.2102 with the URAA. But its attempts conflicted with the Legislature’s intent that the URAA be interpreted as it has been in other states that have enacted it. MCL 565.269 provides: “This act shall be so interpreted as to make uniform the laws of those states which enact it.” Use of the term “shall” in MCL 565.269 is a mandatory directive. Burton v Reed City Hosp Corp, 471 Mich 745, 752; 691 NW2d 424 (2005).
But far from making the URAA uniform, the Court of Appeals interpretation creates a gaping exception applicable only in Michigan. Contrary to the requirements of MCL 565.269, the Court of Appeals actually isolated Michigan from every other state that has enacted the URAA. The language of MCL 565.269 helps demonstrate that this could not have been the Legislature’s intended interaction between the URAA and MCL *138 600.2102. The Court of Appeals erred in failing to follow the directive of MCL 565.269.
These materials provide substantial evidence that this Court properly interpreted the statutes in this case.
CAVANAGH, J., concurred with KELLY, J.

 MCL 565.268 provides:
A notarial act performed prior to the effective date of this act is not affected by this act. This act provides an additional method of proving notarial acts. Nothing in this act diminishes or invalidates the recognition accorded to notarial acts by other laws of this state. [Emphasis added.]