ZWIERS v GROWNEY

Docket No. 286828. Submitted September 1, 2009, at Lansing. Decided
October 22, 2009, at 9:00 a.m.

Barbara Zwiers brought an action in the Kent Circuit Court against
Sean Growney, M.D., and Michigan Pain Consultants, PC, alleging
medical malpractice. Defendants moved for summary disposition,
alleging that plaintiff's premature filing of her complaint and
affidavit of merit 181 days after serving her notice of intent (NOI)
to file her claim on defendants, instead of one day later or at least
182 days following the service of the NOI as required by
MCL 600.2912b(1), was ineffective to commence the action and
the period of limitations had subsequently expired. The court, Paul
J. Sullivan, J., agreed with defendants and granted the motion for
summary disposition. Plaintiff appealed, alleging that the court
should have amended the filing date to the following day or
disregarded the procedural error as permitted by MCL 600.2301.

The Court of Appeals *held*:

1. Plaintiff made a good-faith attempt to comply with the
requirements of MCL 600.2912b(1). The fact that plaintiff filed
suit one day early in no way defeated the purpose and goal of
§ 2912b to promote settlement. The parties were not engaged in
settlement negotiations when the suit was filed. Filing the suit a
day early did not increase the costs of the medical malpractice
litigation. Allowing the case to be dismissed without any review of
the potential merits of the allegations is contrary to the Legisla-
ture's intent to have injured parties receive compensation for
meritorious medical malpractice claims.

2. MCL 600.2301 is applicable to the entire NOI process and
any compliance failures under the NOI statute, MCL 600.2912b.
The authority to invoke MCL 600.2301 rests on a two-pronged
test, requiring consideration of whether a substantial right of a
party is implicated and whether a cure of the error or defect would
further the interests of justice. Substantial rights would be impli-
cated and affected if prejudice flowed from the error or defect at
issue. Defendants were not prejudiced in any form or manner by
plaintiff's filing the action one day early. Defendants' substantial
rights were not implicated or affected. There would be no harm if

a court corrected or disregarded the premature filing. Plaintiff made a good-faith effort to comply with MCL 600.2912b and a harmless error occurred. The furtherance of justice demands relief under MCL 600.2301. The trial court erred by granting summary disposition in favor of defendants. The order granting summary disposition must be reversed, the lawsuit must be reinstated, and the case must be remanded for further proceedings.

Reversed and remanded.

ACTIONS — MEDICAL MALPRACTICE — NOTICE OF INTENT TO FILE CLAIM — PREMATURE FILING — CURE FOR PREMATURE FILING.

The statutory provision that gives courts the power to cure or disregard any error or defect in any process, pleading, or proceeding in the furtherance of justice may be employed to address any compliance failures under the statute regarding notice of intent to commence a medical malpractice action; the authority to invoke the power to cure or disregard any error or defect rests on a two-pronged test, requiring consideration of whether a substantial right of a party is implicated and whether a cure of the error or defect would further the interests of justice; substantial rights would be implicated and affected if prejudice flowed from the error or defect (MCL 600.2301, 600.2912b).

*Kuiper Orlebeke PC* (by *Jon J. Schrotenboer*) for plaintiff.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg, John C. O'Loughlin,* and *Jason R. Sebolt*) for defendants.

Before: MURPHY, P.J., and METER and BECKERING, JJ.

MURPHY, P.J. In this medical malpractice lawsuit, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(7). At issue is whether plaintiff's case was properly dismissed when she mistakenly filed her complaint and affidavit of merit 181 days after serving her notice of intent (NOI) on defendants, instead of commencing her action one day later or at least 182 days following service of the notice, as required by

MCL 600.2912b(1). The trial court dismissed the action, ruling that the premature filing of the complaint and affidavit was ineffective to commence the action and that the period of limitations had subsequently expired. While *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005), standing alone, would compel us to affirm, *Burton* did not address or consider MCL 600.2301, which, in the furtherance of justice, permits a court to amend any process or proceeding and to disregard any error or defect in the proceedings if substantial rights are not affected. In *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009), our Supreme Court interpreted MCL 600.2301, determining that it was implicated and applicable with respect to compliance failures under the NOI statute, MCL 600.2912b. On the strength of MCL 600.2301 and *Bush*, and given plaintiff's good-faith effort to comply with the NOI statute, a failure to show that the legislative purpose behind enactment of the NOI statute was harmed or defeated, and given that defendants' substantial rights were not affected, we reverse and remand in the "furtherance of justice." This appeal has been decided without oral argument pursuant to MCR 7.214(E).

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleged that she suffered injuries resulting from defendant Dr. Sean Growney's negligent placement of an intrathecal morphine pain pump on September 2, 2005. On August 30, 2007, plaintiff served her NOI on defendants. On February 27, 2008, she filed her complaint and accompanying affidavit of merit. Plaintiff does not dispute that her complaint and affidavit of merit were filed one day too early in contravention of the 182-day notice and waiting period set forth in MCL 600.2912b(1). To be in

compliance with MCL 600.2912b(1), the complaint and affidavit needed to be filed on or after February 28, 2008. The period of limitations, tolled by the NOI, MCL 600.5856(c), expired shortly thereafter.

The record indicates that the error in filing the complaint and affidavit a day early was entirely inadvertent, with counsel mistakenly interpreting his file note that the notice period expired on February 27, 2008, to mean that said date was the earliest the summons and complaint could be filed. There is no claim by the parties that they were involved in settlement negotiations on the date the complaint was filed, nor do defendants claim that plaintiff filed her pleadings a day early in bad faith; it was a simple mistake, but one that ultimately deprived plaintiff of her day in court.

Defendants moved for summary disposition, arguing that under *Burton, supra,* a complaint filed before the statutory waiting period expires does not effectively commence the action and, if the period of limitations elapses in the meantime, dismissal with prejudice is required. The trial court agreed and granted defendants' motion, indicating that it lacked discretion to rule otherwise.

## II. ANALYSIS

### A. STANDARD OF REVIEW AND MCR 2.116(C)(7)

This Court reviews de novo a trial court's decision on a motion for summary disposition in order to determine whether the moving party is entitled to judgment as a matter of law. *Bush, supra* at 164. Questions of statutory interpretation are also reviewed de novo on appeal. *Id.* Finally, review de novo is likewise applicable with respect to the issue whether a court properly dismissed an action

on the basis of the statute of limitations. *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003).

Summary disposition is proper when a "claim is barred because of . . . [the] statute of limitations . . . ." MCR 2.116(C)(7). The following principles are applicable to motions brought pursuant to MCR 2.116(C)(7):

> [T]his Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [*RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008)(citations omitted).]

### B. RELEVANT STATUTORY PROVISIONS AND RULES OF STATUTORY CONSTRUCTION

Before a medical malpractice action can be filed, a plaintiff must give a potential defendant notice in compliance with MCL 600.2912b. *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 704-705; 575 NW2d 68 (1997). MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

The instances in which the 182-day notice and waiting period do not apply, MCL 600.2912b(3) and (8), are not implicated under the circumstances of this case.

MCL 600.5856 addresses the tolling of the statute of limitations and provides, in pertinent part:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> * * *
>
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

Considering that the general limitations period for medical malpractice actions is two years from the date the claim accrued, MCL 600.5805(6); *Potter v McLeary*, 484 Mich 397, 405; 774 NW2d 1 (2009), plaintiff's claim would ordinarily have become time-barred during the notice period and, therefore, the tolling provision of § 5856(c) was implicated, tolling the statute of limitations during the notice period.

The other statutory provision that is the subject of argument in this case is MCL 600.2301, which plaintiff contends provided the trial court a discretionary basis to reject dismissal of the case. MCL 600.2301 provides, in full:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

This case requires us to not only contemplate the Michigan Supreme Court's holdings in *Burton* and *Bush* but to interpret MCL 600.2912b and MCL 600.2301. Our primary task in construing a statute is to discern and give effect to the intent of the Legislature. *Shinholster v Annapolis Hosp*, 471 Mich 540, 548-549; 685 NW2d 275 (2004). The words contained in a statute provide us with the most reliable evidence of the Legislature's intent. *Id.* at 549. In ascertaining legislative intent, this Court gives effect to every word, phrase, and clause in the statute. *Id.* We must consider both the plain meaning of the critical words or phrases as well as their placement and purpose in the statutory scheme. *Id.* This Court must avoid a construction that would render any part of a statute surplusage or nugatory. *Bageris v Brandon Twp*, 264 Mich App 156, 162; 691 NW2d 459 (2004). " 'The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended.' " *Shinholster*, *supra* at 549 (citation omitted). If the wording or language of a statute is unambiguous, the Legislature is deemed to have intended the meaning clearly expressed, and we must enforce the statute as written. *Id.* "A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

### C. *BURTON v REED CITY HOSP CORP*

Defendants contend that *Burton* mandates affirmance of the trial court's ruling dismissing the case. Standing alone, *Burton* does indeed call for us to affirm dismissal of plaintiff's action. In *Burton*, the plaintiff

filed his medical malpractice complaint and affidavit of merit before the expiration of the notice period provided in MCL 600.2912b(1). Our Supreme Court stated that the case presented "the question whether a complaint alleging medical malpractice that is filed before the expiration of the notice period provided by MCL 600.2912b tolls the period of limitations." *Burton, supra* at 747. The Court found that § 2912b(1) was unambiguous in expressing that a person "shall not" commence an action until the notice period has expired; therefore, a complaint that is filed before the notice period expires "is ineffective to toll the limitations period." *Id.* The *Burton* Court further ruled:

> The directive in § 2912b(1) that a person "shall not" commence a medical malpractice action until the expiration of the notice period is similar to the directive in § 2912d(1) that a plaintiff's attorney "shall file with the complaint an affidavit of merit . . . ." Each statute sets forth a prerequisite condition to the commencement of a medical malpractice lawsuit. The filing of a complaint before the expiration of the statutorily mandated notice period is no more effective to commence a lawsuit than the filing of a complaint without the required affidavit of merit. In each instance, the failure to comply with the statutory requirement renders the complaint insufficient to commence the action. [*Id.* at 753-754 (omission in original).]

Thus, when plaintiff here filed suit one day premature in violation of MCL 600.2912b(1), i.e., 181 days after giving notice instead of 182 days, she did not technically commence the medical malpractice action for purposes of the statute of limitations. It is the filing of a complaint and affidavit of merit in a medical malpractice suit that typically further tolls the statute of limitations. *Kirkaldy v Rim*, 478 Mich 581, 585; 734 NW2d 201 (2007), citing MCL 600.5856(a) and MCL 600.2912d. But because plaintiff did not effectively

commence her action, even though the parties proceeded with the litigation, the clock on the two-year period of limitations resumed running and then expired. After expiration of the limitations period, defendants filed their motion for summary disposition.

Although application of *Burton* alone would require us to affirm the summary dismissal of plaintiff's case, the Court in *Burton*, as opposed to the case at bar, was not presented with an argument under MCL 600.2301. And that statutory provision has now been construed by the Supreme Court in *Bush* in the context of its application to the requirements in the NOI statute. Given that *Burton* did not address MCL 600.2301 and that *Bush* has shed new light on MCL 600.2301 and its effect on the NOI statute, and considering that plaintiff has posed an argument to us under § 2301, we are obligated to discuss and analyze whether *Burton* should be followed under the circumstances of this case. We cannot blindly follow *Burton* if MCL 600.2301 and *Bush* demand a different outcome.

### D. *BUSH v SHABAHANG*

The decision in *Bush* had not yet been issued when the trial court made its ruling, or when the parties filed their appellate briefs. In *Bush*, the Court addressed the question whether a substantively defective NOI, timely mailed, precluded the tolling of the statute of limitations on a medical malpractice claim. The Court concluded "that the 2004 amendments of MCL 600.5856 . . . significantly clarified the proper role of an NOI provided pursuant to MCL 600.2912b[,]" and the Court held that, "if an NOI is timely, the statute of limitations is tolled despite defects contained therein." *Bush, supra* at 161. Moreover, the Court held "that the purpose of

the NOI statute is better served by allowing for defects in NOIs to be addressed in light of MCL 600.2301, which allows for amendment and disregard of 'any error or defect' where the substantial rights of the parties are not affected and the cure is in the furtherance of justice." *Id.* The *Bush* Court addressed the interplay between MCL 600.2912b and MCL 600.2301, reasoning and stating:

> In determining legislative intent, we should also consider other relevant statutory provisions. To that end, we consider the Revised Judicature Act (RJA) to see if other appropriate remedies exist that are consistent with the intended purpose of § 2912b. We have long recognized that the RJA does provide a mechanism to cure certain defects within pleadings in MCL 600.2301. We note that the language of § 2301 goes beyond the limited concept of amendment of "pleadings" and allows for curing of certain defects in any "process, pleading or proceeding."

> \* \* \*

> Service of an NOI is clearly part of a medical malpractice "process" or "proceeding" in Michigan. Section 2912b mandates that "an action alleging medical malpractice" in Michigan "shall not commence . . . unless the person has given the health professional or health facility written notice . . . ." Since an NOI must be given before a medical malpractice claim can be filed, the service of an NOI is a part of a medical malpractice "proceeding." As a result, § 2301 applies to the NOI "process." As Justice CAVANAGH opined in his dissent in *Boodt* [*v Borgess Med Ctr*, 481 Mich 558, 567-572; 751 NW2d 44(2008)], this Court has for several decades applied MCL 600.2301 or its predecessor (which contained nearly identical language) to allow amendment of documents that, although not aptly characterized as pleadings, might well fall under the broad category of a "process" or "proceeding." Accordingly, we hold that § 2301 may be employed to cure defects in an NOI.

> We recognize that § 2301 allows for amendment of errors or defects, whether the defect is in form or in

substance, but only when the amendment would be "for the furtherance of justice." Additionally, § 2301 mandates that courts disregard errors or defects when those errors or defects do not affect the substantial rights of the parties. Thus, the applicability of § 2301 rests on a two-pronged test: first, whether a substantial right of a party is implicated and, second, whether a cure is in the furtherance of justice. If both of these prongs are satisfied, a cure will be allowed "on such terms as are just." [*Bush, supra* at 176-178 (citations omitted; omissions in original).]

With respect to the furtherance-of-justice prong of the test, the Court explained that it is satisfied "when a party makes a good-faith attempt to comply with the content requirements of § 2912b." *Id.* at 178. A court should only consider dismissal when the plaintiff has not made a good-faith attempt to comply with § 2912b. *Id.*

Applying the standards to the case, the *Bush* Court found that the NOI defects did not warrant dismissal and that the defects fell "squarely within the ambit of § 2301 and *should be disregarded or cured by amendment.*" *Id.* at 180 (emphasis added). Our Supreme Court, finding that a good-faith attempt to comply with § 2912b had been made, held that the defects could be cured under § 2301 because the substantial rights of the parties were not affected and that disregard or amendment of the defects would be in the furtherance of justice. *Id.* at 180-181.

We conclude that the concepts and principles cited and relied on in *Bush* are equally applicable here for the reasons that we shall explore below in our discussion.

### E. DISCUSSION

We begin by noting the importance of recognizing the purpose for which the NOI requirement was enacted by the Legislature. In *Neal, supra* at 705, this Court explained:

> The purpose of the notice requirement is to promote settlement without the need for formal litigation and reduce the cost of medical malpractice litigation while still providing compensation for meritorious medical malpractice claims that might otherwise be precluded from recovery because of litigation costs. Senate Legislative Analysis, SB 270, August 11, 1993; House Legislative Analysis, HB 4403-4406, March 22, 1993.

See also *Bush, supra* at 174.

The fact that plaintiff filed suit one day early in no way defeated the purpose and goal of § 2912b to promote settlement. There is no indication in the parties' arguments or the record that the parties were on the verge of settlement or even engaged in settlement negotiations when suit was filed. This is not a case in which plaintiff defiantly and abruptly filed an action, halting settlement talks. Moreover, the act of filing suit a day early certainly did not increase the costs of the medical malpractice litigation. Furthermore, allowing the case to be dismissed without any review whatsoever of the potential merits of plaintiff's serious allegations of medical malpractice would fly directly in the face of the Legislature's intent to have injured parties receive compensation for *meritorious* claims.

We now turn to *Bush* and its implications and impact with respect to the case at bar. We recognize that *Bush* dealt with a violation or defect in regard to the NOI content requirements of § 2912b(4) and not a violation or defect in the proceedings arising out of § 2912b(1). However, *Bush* makes it abundantly clear that MCL 600.2301 is applicable to the entire NOI process and any compliance failures under the NOI statute. *Bush, supra* at 176-177 (service of an NOI is part of a medical malpractice proceeding and as a result "§ 2301 applies to the NOI 'process' "). The *Bush* Court stated that § 2301 goes beyond the amendment of pleadings and

reaches defects in any process, pleading, or proceeding. *Id.* at 176. MCL 600.2301 expressly speaks of errors or defects in the proceedings, and it cannot reasonably be disputed that the premature filing of a complaint under § 2912b(1) constitutes an error or defect in the proceedings. MCL 600.2301 also addresses the power of amendment relative to process, pleadings, and proceedings, and the concept of "process" clearly encompasses the issuance of a summons, the filing of a complaint, service of the summons and complaint on a defendant, and the overall commencement of an action that compels a defendant to respond. See MCR 2.101 *et seq.* Additionally, the filing of a complaint is part of any civil "proceedings." See MCR 2.001 and 2.101(B).

Pursuant to *Bush*, the authority to invoke MCL 600.2301 rests on a two-pronged test, requiring consideration of (1) whether a substantial right of a party is implicated and (2) whether a cure of the error or defect would further the interests of justice. *Bush, supra* at 177.

In applying the first prong of the test where the contents of the plaintiff's NOI were deficient, the *Bush* Court stated:

> A defendant who has enough medical expertise to opine in his or her own defense certainly has the ability to understand the nature of claims being asserted against him or her even in the presence of defects in the NOI. Accordingly, we conclude that no substantial right of a health care provider is implicated. [*Id.* at 178.]

This analysis is comparable to examining whether a party would be prejudiced by the defect or error in the proceedings. Substantial rights would be implicated and affected if prejudice flowed from the defect or error at issue. Here, defendants were not prejudiced in any form or manner by plaintiff's filing the medical malpractice

action one day early. There was no evidence of interrupted settlement negotiations on the date of filing, and defendants had the time and opportunity to investigate plaintiff's allegations as evidenced by defendants' response to plaintiff's NOI under MCL 600.2912b(7). Therefore, defendants' substantial rights were not implicated or affected, and thus there would be no harm if a court corrected or disregarded the premature filing of the complaint and affidavit of merit.

As indicated above, the second prong of the test, i.e., whether a cure is in the furtherance of justice, entails consideration of whether there was a good-faith attempt to comply with MCL 600.2912b. *Bush, supra* at 178. Nothing in the record here suggests anything but a good-faith effort to comply with the NOI statute; a harmless mistake occurred. There is no indication that plaintiff intentionally filed suit early or that she filed early in an effort to subvert the legal process and to gain an unfair advantage over defendants. There was a complete absence of bad faith on plaintiff's part, and the furtherance of justice demands relief under MCL 600.2301. Accordingly, both prongs of the test enunciated in *Bush* are satisfied.

We note that *Bush* is not the only case that lends support for our ruling under MCL 600.2301. Among others cases, in *Gratiot Lumber & Coal Co v Lubinski,* 309 Mich 662, 668-669; 16 NW2d 112 (1944), the Michigan Supreme Court addressed a predecessor statute to MCL 600.2301, which contained language nearly identical to that found in the statute today, and the Court indicated that a liberal construction in the furtherance of justice should be given relative to the statute, because its aim was to abolish technical errors and to have cases disposed of in accordance with the parties' substantial rights.

Under the circumstances of this case in which a complaint was inadvertently filed *one day early on a 182-day waiting period* and in which no one was harmed or prejudiced by the premature filing, it would simply constitute an injustice to deprive plaintiff of any opportunity to have the merits of her case examined and addressed by a court of law. It would indeed be an understatement to say that summary dismissal of this action on such a hyper-technical basis is placing form over substance. We conclude that the Legislature, through enactment of MCL 600.2301, contemplated circumstances such as those that exist today and decided to give the necessary statutory authority to the courts to rectify harmless defects and errors in accordance with the parameters set in § 2301.

With respect to tailoring a remedy, under the plain language of § 2301, and consistent with *Bush*, a court can amend any process, pleading, or proceeding on terms that are just, or it can disregard any harmless error or defect in the proceedings. Whether we characterize it as amending the filing date of the complaint and affidavit of merit to February 28, 2008, thereby meeting the 182-day requirement of the NOI statute, or simply disregarding the procedural error in filing the complaint and affidavit one day premature, the relief that we are awarding plaintiff ultimately provides her with the opportunity to proceed with the litigation. Plaintiff's medical malpractice lawsuit is hereby reinstated under the authority of MCL 600.2301. The trial court erred by granting summary disposition in favor of defendants.

### III. CONCLUSION

Pursuant to MCL 600.2301 and its interpretation by the *Bush* Court, we reverse the trial court's order

granting summary disposition in favor of defendants. We hold that the error or procedural defect in filing the complaint and affidavit of merit one day before the 182-day notice period elapsed did not affect defendants' substantial rights, was a simple mistake made in good faith in an effort to comply with MCL 600.2912b(1), and did not defeat the legislative purpose behind enactment of the NOI statute. Therefore, reversal is necessary to further justice.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.