*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

IMARI ABDUL-MAJID, Personal Representative of the ESTATE OF SHABAKA GREENWOOD,

      Plaintiff-Appellee,

v

DETROIT RECEIVING HOSPITAL and VHS DETROIT RECEIVING HOSPITAL, INC., doing business as DETROIT RECEIVING HOSPITAL,

      Defendants-Appellants.

UNPUBLISHED
June 15, 2026
9:56 AM

No. 374598
Wayne Circuit Court
LC No. 24-011942-NH

---

Before: MARIANI, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Defendants, Detroit Receiving Hospital and VHS Detroit Receiving Hospital, Inc., doing business as Detroit Receiving Hospital, appeal by leave granted[1] the trial court's order denying their motion for summary disposition of the medical malpractice claims filed against them by plaintiff Imari Abdul-Majid, as personal representative of the Estate of Shabaka Greenwood. We reverse and remand.

## I. BACKGROUND

In his complaint, plaintiff alleges that the decedent, Shabaka Greenwood, fell off his porch in June 2019, and suffered a spinal fracture, rendering him a quadriplegic. Greenwood was initially treated at St. John Hospital before being transferred to Riverview, a skilled nursing facility. On November 26, 2019, Greenwood presented to the emergency department at Detroit Receiving Hospital, where he received care for hematuria until his discharge on December 2, 2019. Progress notes indicated the existence of a "stage 2 ulcer," but plaintiff alleges no treatment was provided for the wound during his time at Detroit Receiving. As further asserted in the complaint,

---

[1] *Estate of Shabaka Greenwood v Detroit Receiving Hosp*, unpublished order of the Court of Appeals, entered July 9, 2025 (Docket No. 374598).

Greenwood was subsequently found to be suffering from multiple pressure wounds and died on April 13, 2020. His death certificate listed sepsis and osteomyelitis of the coccyx as his cause of death.

Plaintiff sent a notice of intent to sue several healthcare entities, *not* including defendants, on January 26, 2022, and filed suit against those parties in a separate lawsuit on December 15, 2022. With regard to the present action, plaintiff sent a notice of intent to defendants in May 2024,[2] labeled as an amended version of the original, and filed the complaint on August 16, 2024, claiming that defendants provided negligent care by failing to treat Greenwood's pressure wounds.[3]

Defendants moved for summary disposition of plaintiff's claims under MCR 2.116(C)(7), asserting that the claims were barred by the statute of limitations. Specifically, defendants argued that plaintiff filed the notice of intent required under MCL 600.2912b to commence a medical malpractice action well after the expiration of the two-year statute of limitations, and that "[w]hile plaintiff likely will claim that his complaint is timely under the death savings provision, MCL 600.5852, summary disposition is proper where plaintiff failed to wait for the expiration of the notice of intent 'no-suit' period before commencing this medical malpractice action."

Plaintiff argued in response that the death savings provision applied because Greenwood died during the two-year limitations period, and that he complied with the notice provision in MCL 600.2912b(3), which reduces the no-suit waiting period to 91 days, stating:

> The original Notice of Intent for Plaintiff's claims was sent on January 26, 2022. Plaintiff subsequently filed his original Complaint on December 15, 2022. At the time, Plaintiff was not aware of the Detroit Receiving Defendants and as a result, both the Notice of Intent and Complaint did not name Detroit Receiving Hospital as Defendants.

> * * *

> As such, Plaintiff's Amended Notice of Intent sent to Defendants in this case on May 17, 2024, exactly 91 days prior to the filing of the instant Complaint on August 16, 2024, in compliance with the provisions of MCL 600.2912b.

In reply, defendants argued plaintiff failed to provide any evidence or real argument for his assertion that defendants could not have been identified as a potential party prior to filing the original separate action, and even if the 91-day waiting period under MCL 600.2912b(3) applied, plaintiff filed the complaint in this action prematurely, because he filed it on the 91st day.

---

[2] For purposes of the summary disposition motion only, defendants accepted that this amended notice of intent was sent on May 17, 2024, but as will be discussed further below, there is some discrepancy regarding the date.

[3] The two cases were consolidated in the trial court.

Following a hearing, the court denied defendants' motion, stating:

[T]he Court has to take the evidence in the light most favorable to the nonmoving party and I know this is one that was based on statute of limitations but, here, we have a whole host of issues that we're—we're dealing with, in terms of the two-year statute of limitations, when the Letters of Authority were filed. That extends that, from August 16, 2022 to August 16, 2024; in terms of the language in 600.2912, you know, had it expired? Could it have been known? And it goes to the claimant, and we know that the claimant was deceased here and there was the claimant's family. So there—there's like a major quagmire here. And I know Ms. Greenwood (sic) is—is, of course, concerned with what transpires relative to solely her—her client. And then, we have—I think it's 600.30—2301, in terms of whether or not we've got the 91 days and, you know, being filed on the 91st day. As the Court of Appeals has said and, you know, the Court takes the position in terms of we deal with the law and then when there's an opportunity to deal with the equities, the Court does deal with those equities and what the Court can do, because there was no major—relative to the defendants, there's no hardship or inconvenience or any adverse effect, relative to the date—one day early, the Court can allow the complaint to be amended to change the filing date and, based on all that, the Court is going to deny the motion for summary disposition . . . .

This appeal followed.

## II. ANALYSIS

We review do novo whether a cause of action is barred by the applicable statute of limitations, as well as a trial court's ruling on a motion for summary disposition. *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). Summary disposition under MCR 2.116(C)(7) is appropriate when an action is barred by the statute of limitations. *Id*.

"When a party brings a motion for summary disposition under MCR 2.116(C)(7), the contents of the complaint are accepted as true unless contradicted by the documentation submitted by the movant." *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 333; 999 NW2d 423 (2003) (quotation marks, citation, and alteration omitted). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Dextrom v Wexford Co*, 287 Mich App 406, 429; 789 NW2d 211 (2010). But "if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate." *Id*. [*Brooker v Trinity Health Mich*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 369013); slip op at 2-3.]

"We also review de novo questions of statutory interpretation." *Id*. at ___; slip op at 3 (quotation marks and citation omitted).

The goal of statutory interpretation is to effectuate the intent of the Legislature. To do so, we focus first on the statute's plain language and examine the statute as a

whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [*Id*. at ___; slip op at 3 (quotation marks and citations omitted).]

We hold that the trial court erred when it denied defendants' summary disposition motion because plaintiff's claims against defendants are barred by the statute of limitations.

Under MCL 600.5805(8), the statute of limitations for a medical malpractice action is two years.

A medical malpractice action accrues "at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). A medical malpractice action is barred if it is not commenced within the statutorily prescribed time limits. MCL 600.5838a(2). [*Brooker*, ___ Mich App at ___; slip op at 3.]

Here, plaintiff's cause of action against defendants accrued on December 2, 2019, at the latest, which is the date Greenwood was discharged from defendants' care. Thus, under MCL 600.5805(8), the limitations period expired on December 2, 2021, well before plaintiff initiated this action against defendants.

However, because Greenwood died on April 13, 2020, during the limitations period, the death saving provision at MCL 600.5852 applies. MCL 600.5852(1). "[U]nder MCL 600.5852, 'a personal representative may file a medical malpractice suit on behalf of a deceased person for two years *after* letters of authority are issued, as long as that suit is commenced within three years after the two-year malpractice limitations period expired.' " *Eversole v Nash*, 351 Mich App 592, 602; ___ NW3d ___ (2024), quoting *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 572-573; 703 NW2d 115 (2005).[4]

Thus, a wrongful-death action is properly commenced pursuant to MCL 600.5852's saving period if "the complaint was filed within two years of the issuance of the . . . personal representative's letters of authority and within three years after the period

---

[4] The Court stated further:

MCL 600.5852 is not a statute of limitations; rather, it is "a *saving* provision designed 'to preserve actions that survive death in order that the representative of the estate may have a reasonable time to pursue such actions.' " *Waltz v Wyse*, 469 Mich 642, 655; 677 NW2d 813 (2004), quoting *Lindsey v Harper Hosp*, 455 Mich 56, 66; 564 NW2d 861 (1997). "Section 5852 clearly provides that it is an *exception* to the limitation period, allowing the commencement of a wrongful death action as many as three years after the applicable statute of limitations has expired." *Waltz*, 469 Mich at 651. [*Eversole*, 351 Mich App at 601-602.]

of limitations had expired. [*Eversole*, 351 Mich App at 603 (quotation marks and citation omitted).]

Plaintiff's letters of authority were issued on August 16, 2022, and he filed the complaint in this action exactly two years later on August 16, 2024, thus satisfying MCL 600.5852. Nevertheless, plaintiff's complaint was premature, because it was filed before expiration of the notice period under MCL 600.2912b.

In accordance with MCL 600.2912b, "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice . . . not less than 182 days before the action is commenced." MCL 600.2912b(1). That period is shortened to 154 days where the claimant does not receive a written response within 154 days as required under MCL 600.2912b(7). MCL 600.2912b(8). Finally, that period is shortened even further to 91 days if all of the following conditions exist:

(a) The claimant has previously filed the 182-day notice required in [MCL 600.2912b(1)] against other health professionals or health facilities involved in the claim.

(b) The 182-day notice period has expired as to the health professionals or health facilities described in subdivision (a).

(c) The claimant has filed a complaint and commenced an action alleging medical malpractice against 1 or more of the health professionals or health facilities described in subdivision (a).

(d) The claimant did not identify, and could not reasonably have identified a health professional or health facility to which notice must be sent under subsection (1) as a potential party to the action before filing the complaint. [MCL 600.2912b(3).]

Plaintiff asserts that MCL 600.2912b(3) applies here. With regard to subsection (d), he argues, as he did below, that the "claimant," who he asserts was Greenwood, is responsible for identifying potential parties and: "At the time of the original mailing of the Notice of Intent (January 26, 2022), Mr. Greenwood had been passed away for nearly two years. Any knowledge he had as to his treatment was not available to his family or his attorneys." But plaintiff offers no caselaw defining "claimant" in a wrongful death action for purposes of MCL 600.2912b(3)(d), nor have we found any. And it seems only logical that the claimant in a wrongful death action is not the decedent, as they are not available to bring a claim.[5]

Furthermore, as defendants argue, plaintiff could reasonably have identified them as a potential party to the action before filing the original complaint in Lower Court No. 22-014883-NH. Plaintiff sent the original Notice of Intent to, among other facilities, Riverview Health and

---

[5] Imari Abdul-Majid is listed as the *Claimant*/Plaintiff on the Amended Notice of Intent.

Rehabilitation Center and Beaumont Hospital-Grosse Pointe, and the medical records for each reference Greenwood's admission to Detroit Receiving between November and December 2019.[6]

Regardless, even assuming plaintiff satisfied the requirements of MCL 600.2912b(3), and the 91-day waiting period applied, plaintiff filed the complaint prematurely. On the basis of the evidence produced in the trial court, the Amended Notice of Intent was sent, at the earliest, on May 17, 2024. That is the date listed on the unsigned proof of service block at the end of the Amended Notice, but the postmark on the attached mailing envelope is May 20, 2024.[7] If the Amended Notice of Intent was sent to defendants on May 17, 2024, plaintiff filed the complaint exactly 91 days after on August 16, 2024.

The Supreme Court, however, has held that the *entire* no-suit waiting period must expire before a suit may be filed. Referencing the 182-day period under MCL 600.2912b(1), the Court stated:

> We have made clear that a plaintiff must wait the *entire* 182 days before filing a complaint. In *Burton v Reed City Hosp Corp*, 471 Mich 745, 754; 691 NW2d 424 (2005), we said that "the failure to comply with the statutory [notice] requirement renders the complaint insufficient to commence the action." In *Tyra* [*v Organ Procurement Agency of Mich*], 498 Mich [68,] 76-77[; 869 NW2d 213 (2015)], the plaintiff's action accrued on April 4, 2008, and the limitations period therefore expired on April 4, 2010. The NOI, dated April 1, 2010, was placed in the mail on April 4, 2010. The complaint was then filed on September 30, 2010, which was 179 days after the NOI. We held that the complaint was premature and therefore legally insufficient. In doing so, we observed that "[e]ven assuming that the NOI had been sent on April 1, 2010, . . . the complaint was filed at least one day prematurely." *Id*. at 77 n 5. Under MCR 1.108(1), September 30, 2010—the day the complaint in *Tyra* was filed—was "day 182" after April 1, 2010. Our conclusion that a complaint on "day 182" was untimely only further emphasizes that the *entire* 182-day notice period must be over *before* a plaintiff can file a complaint. [*Haksluoto v Mt Clements Regional Med Ctr*, 500 Mich 304, 325-326; 901 NW2d 577 (2017).]

Applying this holding here, plaintiff prematurely filed this action on August 16, 2024—day 91—of the notice period.

For the first time on appeal, plaintiff argues that Amended Notice of Intent was sent on May 16, 2024, stating:

> Plaintiff-Appellee's [sic] must also address a possible discrepancy of dates in this case. As shown in **Exhibit G**, the Amended Notice of Intent that was mailed

---

[6] The Beaumont record, dated December 15, 2019, states, "The patient was recently admitted to DMC Detroit Medical Center where he was treated for hyponatremia about 3 or 4 weeks ago."

[7] The postmark is difficult to read, but plaintiff does not dispute that it says May 20, 2024.

to Defendants-Appellants in satisfaction of the modified notice requirements of MCL 600.2912b(3) was in fact mailed on May 16, 2024. Counsel for Defendants-Appellants had not received the original mailed copy and requested Plaintiff-Appellee's counsel send them a copy via email. The copy sent via email was a subsequent draft copy with the unsigned proof of service referenced in Defendants-Appellants underlying Motion and Brief on Appeal.

As such, Plaintiff-Appellee had addressed the underlying Motion with the assumed mailing date of May 17, 2024 as Plaintiff-Appellee maintains the 91-day period was properly given to Defendants-Appellants and Plaintiff-Appellee's Complaint was timely filed even taking the May 17, 2024 date into consideration.

While Plaintiff-Appellee argues the discrepancy is immaterial and results in the same outcome, the original mailed copy that properly initiated the 91-day notice period has been attached as **Exhibit G**, further cementing Plaintiff-Appellee's argument that all applicable limitations and notice statutes have been complied with.

Plaintiff had the opportunity to make this assertion and present the Amended Notice of Intent listing May 16, 2024, on the proof of service block below, but inexplicably failed to do so, and cannot now expand the record on appeal. *Phase One Rehab, LLC v Allstate Prop & Cas Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369413); slip op at 7 ("Our review is limited to the evidence that had been presented to the circuit court at the time the motion was decided.") (quotation marks and citation omitted); see also *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal."). Nor does this change the fact that the mailing envelope included with the Amended Notice of Intent below is postmarked May 20, 2024.

Despite the evidence before it, the trial court denied defendants' summary disposition motion in part because it believed defendants suffered no hardship as a result of the premature filing. This was error. As the Supreme Court held in *Burton*, 471 Mich at 754, "[t]he filing of a complaint before the expiration of the statutorily mandated notice period" "renders the complaint insufficient to commence the action." In doing so, the Court reasoned that a defendant need not demonstrate prejudice as a result of the premature filing. *Id*. at 753 ("The Court of Appeals erred, however, by basing its decision to reverse the decision of the trial court on the alleged lack of prejudice to the defendants, a factor that is not contained in the relevant statutes.").

The Court, in *Tyra*, 498 Mich at 92, reinforced this reasoning, stating:

*Burton* held that the filing of a complaint before the expiration of the NOI waiting period does not commence an action or toll the running of the period of limitations. Therefore, . . . plaintiffs' filing of their complaints before the expiration of the NOI waiting period did not commence their actions or toll the running of the limitations period. [*Id*. at 92.]

Further, the Court rejected application of MCL 600.2301, which provides:

The court in which any action or proceeding is pending, has the power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

*Tyra*, 498 Mich at 92 ("MCL 600.2301 cannot save plaintiffs' actions because MCL 600.2301 only applies to pending actions or proceedings and there never were pending actions in these cases. Plaintiffs' complaints, filed before the NOI waiting period expired, could not commence an action."). Accordingly, the trial court erred when it denied defendants summary disposition, because plaintiff's claims were barred by the statute of limitations.[8]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

[8] We note that the Supreme Court's holding in *Burton* relied on the reasoning set forth in *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000), *Burton*, 471 Mich at 752-754, which was overruled by the Supreme Court in *Ottgen v Katranji*, 511 Mich 223, 228; 999 NW2d 359 (2023). But plaintiff makes no argument that *Burton* should, in turn, be overruled, and in *Ottgen*, 511 Mich at 243 n 9, the Court stated, "We need not decide the effect, if any, of today's decision on [*Burton* and related cases]." Accordingly, *Burton* remains binding precedent. *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016) ("The Court of Appeals is bound to follow decisions by this Court except where those decisions have *clearly* been overruled or superseded *and is not authorized to anticipatorily ignore our decisions where it determines that the foundations of a Supreme Court decision have been undermined*.").