**Lansing, Michigan**

# Opinion

Chief Justice:

Robert P. Young, Jr.

Justices:

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

FILED AUGUST 1, 2011

S T A T E   O F   M I C H I G A N

SUPREME COURT

WILLIE DRIVER and BEVERLY DRIVER,

        Plaintiffs-Appellants,

v

No. 140922

MANSOOR G. NAINI, M.D., and
MICHIGAN CARDIOLOGY
ASSOCIATES, P.C.,

        Defendants,

and

CARDIOVASCULAR CLINICAL
ASSOCIATES, P.C.,

        Defendant-Appellee.

---

BEFORE THE ENTIRE BENCH

MARY BETH KELLY, J.

      In this medical malpractice action, we must decide whether a plaintiff is entitled to

amend an original notice of intent (NOI) when adding a nonparty defendant to a pending

action pursuant to this Court's holding in *Bush v Shabahang*[1] and MCL 600.2301 so that the amended NOI relates back to the original filing for purposes of tolling the statute of limitations. We hold that a plaintiff is not entitled to amend an original NOI to add nonparty defendants so that the amended NOI relates back to the original filing for purposes of tolling the statute of limitations, and we affirm the result reached by the Court of Appeals only and reverse the Court of Appeals' judgment in all other respects.

## I. FACTS AND PROCEDURAL HISTORY

In 2003, plaintiff Willie Driver[2] visited defendant Mansoor Naini, M.D., who administered a carcinoembryonic antigen (CEA)[3] test to plaintiff. The results indicated that plaintiff had a slightly elevated CEA level. Dr. Naini did not order a colonoscopy or take any further action even though plaintiff was over the age of 50 and had a family history of colon cancer. Shortly thereafter, plaintiff began experiencing unexplained

---

[1] *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009).

[2] There are two plaintiffs in this case, but because plaintiff Beverly Driver's claims are derivative of Willie Driver's claims, we use the singular term "plaintiff" to refer to the latter throughout the opinion.

[3] "Carcinoembryonic antigen" is defined as

> [a] glycoprotein (carbohydrate plus protein) occurring in the feces (stool), secretions of the liver and pancreas, and the blood plasma of patients with neoplastic (tumors, cancers) diseases and non-neoplastic conditions, as cancers of the colon, pancreas, breast, and lung, alcoholic cirrhosis of the liver, inflammatory bowel disease, rectal polyps, etc. [1 Schmidt, *Attorneys' Dictionary of Medicine* (Matthew Bender & Co, Inc 2000), p C-66.]

weight loss, and in 2005 a gastroenterologist diagnosed him with stage IV colon cancer with metastasis to the liver.

On April 25, 2006, plaintiff's counsel sent a notice of intent (NOI) to file a medical malpractice action to Dr. Naini and Michigan Cardiology Associates, P.C., (MCA) as required by MCL 600.2912b(1).[4] Plaintiff complied with the notice waiting period under MCL 600.2912b(1) and timely filed a complaint against Dr. Naini and MCA on October 23, 2006.[5] Plaintiff alleged that Dr. Naini had failed to properly screen for colon cancer and alleged that MCA was vicariously liable for the malpractice.

In January 2007, Dr. Naini and MCA sent a notice of nonparty at fault to plaintiff's counsel pursuant to MCR 2.112(K). Defendants named Cardiovascular Clinical Associates, P.C. (CCA) as a potential defendant. Defendants indicated that CCA might be vicariously liable because Dr. Naini worked for CCA at some point during his treatment of plaintiff.

On February 1, 2007, plaintiff sent an NOI to CCA and moved to file an amended complaint to add CCA as a defendant pursuant to MCL 600.2957(2), the nonparty fault statute.[6] The circuit court granted the motion, and, 49 days later, on March 22, 2007,

---

[4] MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

[5] There is no dispute that the complaint was timely and valid as to these defendants.

[6] MCL 600.2957(2) provides:

3

plaintiff filed an amended complaint and added CCA as a defendant to the action. In doing so, plaintiff failed to comply with the 91-day notice waiting period for adding a defendant to an existing medical malpractice action under MCL 600.2912b(3).[7]

Subsequently, CCA moved for summary disposition, arguing that plaintiff's claim against it was time-barred because the statute of limitations had expired. According to CCA, plaintiff failed to toll the statute of limitations when he did not comply with the notice waiting period. Plaintiff responded that he had timely filed the amended complaint in accord with the nonparty fault statute, MCL 600.2957(2). The circuit court agreed and denied CCA's motion.

The Court of Appeals granted CCA leave to appeal and reversed the circuit court and remanded for entry of summary disposition in CCA's favor.[8] The Court of Appeals held that plaintiff's claim accrued "at the latest" when he was diagnosed with colon cancer in November 2005 and that plaintiff had two years from that point forward to commence an action against CCA.[9] The Court of Appeals reasoned that because plaintiff filed the amended complaint without first complying with the notice waiting period, the

---

Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

[7] For purposes of this opinion, we assume, without deciding, that the 91-day notice period under MCL 600.2912b(3) applies.

[8] *Driver v Naini*, 287 Mich App 339; 788 NW2d 848 (2010).

[9] *Id*. at 345.

4

complaint failed to commence an action that tolled the statute of limitations.[10] The Court of Appeals cited *Burton v Reed City Hosp Corp*,[11] in which this Court held that a premature complaint does not commence an action that tolls the statute of limitations in a malpractice suit.[12] Here, plaintiff filed his amended complaint 49 days[13] after he sent CCA an NOI; therefore, the Court of Appeals concluded, the premature complaint did not toll the statute of limitations and plaintiff's claim had become time-barred.[14]

However, the Court of Appeals concluded that plaintiff's claim was saved in part by MCL 600.2957(2).[15] The Court of Appeals reasoned that because plaintiff's claim was partially valid under MCL 600.2957(2), yet totally barred by MCL 600.2912b, the statutes irreconcilably conflicted.[16] The Court of Appeals concluded that MCL 600.2912b was more specific and governed because it applies only in medical malpractice actions, whereas MCL 600.2957(2) applies to actions in general.[17] Accordingly, the Court of Appeals reversed the circuit court's order denying CCA's motion for summary disposition and remanded for entry of summary disposition in

---

[10] *Id*. at 348.

[11] *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005).

[12] *Driver*, 287 Mich App at 347-348, citing *Burton*, 471 Mich at 753-754.

[13] The Court of Appeals erroneously stated that plaintiff filed his amended complaint 39 days after he sent CCA the NOI. *Id*. at 348.

[14] *Id*. at 348-349.

[15] *Id*. at 350-351.

[16] *Id*.

[17] *Id*. at 352.

5

CCA's favor.[18]  Plaintiff applied for leave to appeal in this Court, and we ordered and heard oral argument on whether to grant the application.[19]

## II. STANDARD OF REVIEW

We review de novo a circuit court's decision on a motion for summary disposition.[20]  This case requires interpretation of the several statutory provisions involved.  We also review de novo issues of statutory interpretation.[21]  When interpreting the meaning of a statute, our primary goal is to discern the intent of the Legislature by first examining the plain language of the statute.[22]  Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning.[23]  When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted.[24]

---

[18] *Id*. at 353-355.

[19] *Driver v Cardiovascular Clinical Assoc*, 488 Mich 957 (2010).  In our order, we directed the parties to address "whether this Court's decision in [*Bush*, 484 Mich 156], allows for the application of MCL 600.2301 in cases involving prematurely filed complaints under MCL 600.2912b(1), and whether [*Burton*, 471 Mich 745], retains any viability in light of *Bush*."

[20] *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 424; 751 NW2d 8 (2008).

[21] *Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008).

[22] *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999); *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

[23] *Herman v Berrien Co*, 481 Mich 352, 366; 750 NW2d 570 (2008); *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 158; 627 NW2d 247 (2001).

[24] *Danse Corp v Madison Hts*, 466 Mich 175, 182; 644 NW2d 721 (2002).

## III. APPLICABLE LAW

MCL 600.2912b(1) requires a claimant to submit an NOI to a potential defendant before commencing a medical malpractice suit. This requirement is mandatory[25] and applies equally to individuals and professional entities, including professional corporations.[26] Ordinarily, the claimant must then wait 182 days before filing a complaint.[27]

The Legislature set forth a different set of requirements in MCL 600.2912b(3) for adding a defendant to an existing medical malpractice action. MCL 600.2912b(3) provides for service of additional NOIs on health professionals and health facilities that will be added to an existing medical malpractice action as follows:

> The 182-day notice period required in subsection (1) *is shortened to 91 days* if all of the following conditions exist:
>
> (a) The claimant has previously filed the 182-day notice required in subsection (1) against other health professionals or health facilities involved in the claim.
>
> (b) The 182-day notice period has expired as to the health professionals or health facilities described in subdivision (a).
>
> (c) The claimant has filed a complaint and commenced an action alleging medical malpractice against 1 or more of the health professionals or health facilities described in subdivision (a).

---

[25] *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 65; 642 NW2d 663 (2002); *Burton*, 471 Mich at 752-753, citing *Omelenchuk v City of Warren*, 461 Mich 567, 572; 609 NW2d 177 (2000).

[26] *Potter v McLeary*, 484 Mich 397, 402-403; 774 NW2d 1 (2009).

[27] MCL 600.2912b(1). A claimant need only wait 154 days if the potential defendant fails to submit a timely response. MCL 600.2912b(8).

7

(d) The claimant did not identify, and could not reasonably have identified a health professional or health facility to which notice must be sent under subsection (1) as a potential party to the action before filing the complaint. [Emphasis added.]

The 91-day waiting period required by MCL 600.2912b(3) is consistent with MCL 600.2957(2), which applies to lawsuits generally.[28] MCL 600.2957(2) provides:

Upon motion of a party *within 91 days* after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action. [Emphasis added.]

---

[28] The Court of Appeals clearly erred by holding that MCL 600.2912b irreconcilably conflicts with MCL 600.2957(2). The conflict analysis was unnecessary because the Court incorrectly determined that plaintiff's claim was partially saved by MCL 600.2957(2), but completely barred by MCL 600.2912b. As explained later in this opinion, plaintiff's entire claim was time-barred, and neither statute saved the claim. Moreover, the Court of Appeals failed to consider how the 91-day period in MCL 600.2957(2) is consistent with the 91-day notice waiting period in MCL 600.2912b(3). Specifically, nothing in MCL 600.2957(2) excuses a plaintiff from having to wait until the notice period expires before commencing an action against a defendant as is required by MCL 600.2912b(3). MCL 600.2957(2) only requires a plaintiff to file a motion to add a defendant within 91 days of receiving notice of the nonparty at fault; it does not require the plaintiff to file the amended complaint within 91 days. Therefore, a plaintiff can file a motion to add a defendant within 91 days after receiving notice of the nonparty, file an amended NOI, and wait until the notice period expires before filing an amended complaint. And while MCR 2.112(K)(4) (the court rule governing the addition of nonparties to a pending action) does seem to require that a plaintiff file an amended complaint within 91 days, it also states that "[t]he court may permit later amendment as provided in MCR 2.118," and under MCR 2.118(A)(2) "[l]eave shall be freely given when justice so requires." Given the foregoing, the dissent's assertion that MCL 600.2912b and MCL 600.2957(2) are only reconcilable if read in concert with MCL 600.2301 is plainly wrong. To summarize, in order to add a nonparty at fault to a medical malpractice case, a plaintiff should move to add the nonparty within 91 days of receiving notice of that nonparty. Then, in a motion to amend a claim, the plaintiff should indicate that he or she intends to file the amended claim at the conclusion of the NOI waiting period.

8

When a claimant files an NOI with time remaining on the applicable statute of limitations, that NOI tolls the statute of limitations for up to 182 days *with regard to the recipients of the NOI*.[29] In a medical malpractice action, a claimant normally has two years from the time his claim accrues to commence a suit.[30] A medical malpractice claim accrues "at the time of the act or omission that is the basis for the claim . . . , regardless of the time the plaintiff discovers or otherwise has knowledge of the claim."[31] However, when a plaintiff discovers a claim two or more years after the alleged negligent act occurred, then the plaintiff must commence an action "*within 6 months after the plaintiff discovers* or should have discovered *the existence of the claim*, whichever is later."[32]

---

[29] MCL 600.5856(c) provides:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> * * *
>
> (c) At the time notice is given in compliance with the applicable notice period under section [MCL 600.2912b], if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

See, also, *Waltz v Wyse*, 469 Mich 642, 646 n 6; 677 NW2d 813 (2004).

[30] MCL 600.5838a(2); MCL 600.5805(1) and (6).

[31] MCL 600.5838a(1).

[32] MCL 600.5838a(2) (emphasis added). This provision is generally referred to as the discovery rule.

9

## IV.  ANALYSIS

## A.  PLAINTIFF DID NOT TOLL THE STATUTE OF LIMITATIONS APPLICABLE TO CCA AND HIS SUIT IS TIME-BARRED

In this case, the six–month discovery rule provides the applicable limitations period.[33]  Plaintiff alleged in his complaint that Dr. Naini failed to screen for cancer in 2003 after a test showed that he had an elevated CEA level.  This was the negligent act that formed the basis for his claim.  Because the claim accrued in 2003 and plaintiff discovered the claim more than two years later, the six-month discovery rule applied.  Contrary to the Court of Appeals' erroneous conclusion, the November 2005 diagnosis of cancer was not the negligent act that gave rise to plaintiff's claim.[34]  Accordingly, plaintiff had six months from November 2005 (i.e., until May 2006) to commence a medical malpractice action against *all* defendants.[35]

---

[33] The dissent makes inconsistent statements regarding application of the discovery rule in this case, and states that "at least portions" of plaintiff's claims against CCA are governed by the standard two-year statute of limitations because plaintiff alleged that Dr. Naini negligently treated him until November 2005.  *Post* at 7.  However, the dissent overlooks the fact that plaintiff conceded in his brief on appeal and during oral argument that the six-month discovery rule governs his negligence claim with regard to CCA.  Nevertheless, as discussed later in this opinion, even if a portion of plaintiff's claims were governed by the two-year statute of limitations, plaintiff failed to commence an action against CCA that tolled the statute of limitations because his complaint against CCA was premature.  See *Burton*, 471 Mich at 753-754.  Thus, plaintiff's claims would be time-barred even if the two-year limitations period were applicable.  See *id*.

[34] See MCL 600.5838a(1) (stating that a medical malpractice claim "*accrues at the time of the act or omission that is the basis for the claim . . . regardless of the time the plaintiff discovers or otherwise has knowledge of the claim*") (emphasis added).

[35] MCL 600.5838(2).

10

There is no dispute that plaintiff timely filed suit within this six-month period with respect to Dr. Naini and MCA. Plaintiff provided those defendants an NOI in April 2006 and then waited 182 days before filing his complaint in October 2006. Plaintiff, however, first provided CCA an NOI in February 2007 and filed a complaint against CCA in March 2007, long after the six-month discovery period expired in May 2006. Because a medical malpractice plaintiff must provide *every* defendant a timely NOI in order to toll the limitations period applicable to the recipient of the NOI, plaintiff failed to toll the limitations period applicable to CCA.[36] Hence, plaintiff's complaint was time-barred with regard to CCA, and the Court of Appeals properly remanded the case for entry of summary disposition in CCA's favor.[37]

## B. *BUSH v SHABAHANG* IS INAPPLICABLE

Plaintiff, however, argues that he should be permitted to amend his original NOI pursuant to this Court's holding in *Bush*[38] and MCL 600.2301[39] so that the NOI he sent to

---

[36] MCL 600.5856(c); MCL 600.2912b(1); *Potter*, 484 Mich at 402-403.

[37] MCL 600.5838a(2) ("A medical malpractice action that is not commenced within the time prescribed by this subsection is barred.").

[38] *Bush v Shabahang*, 484 Mich 156.

[39] MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

11

CCA relates back in time to his original NOI. According to plaintiff, allowing amendment and relation back would preserve tolling with respect to all three defendants.

In *Bush*, the plaintiff sent an NOI to multiple defendants two days before the statute of limitations was set to expire.[40] The defendants moved for summary disposition and argued in part that the plaintiff's NOI was defective because it failed to state a particularized standard of care.[41] The circuit court granted summary disposition with regard to three of the defendants, but denied summary disposition with respect to certain claims against defendants Spectrum Health and West Michigan Cardiovascular Surgeons (WMCS).[42] On appeal, the Court of Appeals held that the plaintiff's NOI did not comply with the requirements of MCL 600.2912b(4) with respect to certain claims of liability against WMCS and Spectrum Health.[43] The Court affirmed in part, reversed in part, and remanded to the circuit court for entry of partial summary disposition without prejudice of these claims, but held that the statute of limitations remained tolled until entry of the judgment of summary disposition.[44] This Court granted leave to appeal and addressed whether a defective NOI tolls the statute of limitations under MCL 600.5856(c).[45] The *Bush* majority held that when an NOI fails to meet all of the *content* requirements under

---

[40] *Bush v Shabahang*, 278 Mich App 703, 707; 753 NW2d 271 (2008).

[41] *Id*.

[42] *Id*. at 706-708, 716-719.

[43] *Id*. at 718-719, 726-727.

[44] *Id*. at 727.

[45] *Bush*, 484 Mich at 164.

MCL 600.2912b(4),[46] MCL 600.2301 allows a plaintiff to amend the NOI and preserve tolling unless the plaintiff failed to make a good-faith effort to comply with MCL 600.2912b(4).[47]

Bush is inapplicable to the present circumstances. At the outset we note that the holding in Bush that a defective yet timely NOI could toll the statute of limitations simply does not apply here because CCA never received a timely, albeit defective, NOI. More importantly, and contrary to the dissent's analysis, the facts at issue do not trigger application of MCL 600.2301. That statute states:

---

[46] MCL 600.2912b(4) provides:

The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:

(a) The factual basis for the claim.

(b) The applicable standard of practice or care alleged by the claimant.

(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care

(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

[47] Bush, 484 Mich at 176-178. In doing so, the Bush majority questioned precedent set forth in Roberts, 466 Mich at 57, and Boodt v Borgess Med Ctr, 481 Mich 558; 751 NW2d 44 (2008). See Bush, 484 Mich at 165-170, 175 n 34; id. at 190-192, 199-200 (MARKMAN, J., dissenting).

13

> The court *in which any action or proceeding is pending*, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties. [Emphasis added.]

By its plain language, MCL 600.2301 only applies to actions or proceedings that are *pending*.[48] Here, plaintiff failed to commence an action against CCA before the six-month discovery period expired, and his claim was therefore barred by the statute of limitations. "An action is not 'pending' if it cannot be 'commenced' . . . ."[49] In *Bush*, however, this Court explained that an NOI is part of a medical malpractice "proceeding."[50] The Court explained that, "[s]*ince an NOI must be given before a medical malpractice claim can be filed*, the service of an NOI is a part of a medical malpractice 'proceeding.' As a result, [MCL 600.2301] applies to the NOI 'process.'"[51] Although plaintiff gave CCA an NOI, he could not file a medical malpractice claim against CCA because the six-month discovery period had already expired. Service of the NOI on CCA could not, then, have been part of any "proceeding" against CCA because plaintiff's claim was already time-barred when he sent the NOI. A proceeding cannot be pending if it was time-barred at the outset. Therefore, MCL 600.2301 is inapplicable because there was no action or proceeding pending against CCA in this case.

---

[48] *Boodt*, 481 Mich at 563 n 4.

[49] *Bush*, 484 Mich at 195 (MARKMAN, J., dissenting).

[50] *Id*. at 176.

[51] *Id*. at 176-177 (emphasis added).

Moreover, amendment of the original NOI to allow plaintiff to add CCA would not be "'for the furtherance of justice'" and would affect CCA's "substantial rights."[52] Every defendant in a medical malpractice suit is entitled to a timely NOI. The legislative purpose behind the notice requirement "was to provide a mechanism for 'promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice claims that would otherwise be precluded from recovery because of litigation costs . . . .'"[53] Applying MCL 600.2301 in the present case would deprive CCA of its statutory right to a timely NOI followed by the appropriate notice waiting period, and CCA would be denied an opportunity to consider settlement. CCA would also be denied its right to a statute-of-limitations defense. These outcomes are plainly contrary to, and would not be in furtherance of, the Legislature's intent in enacting MCL 600.2912b.

In addition, allowing a claimant to amend an original NOI to add nonparty defendants conflicts with the statutory requirements that govern the commencement of a medical malpractice action and tolling of the statute of limitations. MCL 600.2912b(1) states that

> *a person shall not commence an action alleging medical malpractice* against a health professional or health facility *unless the person has given the health professional or health facility written notice* under this section not less than 182 days before the action is commenced. [Emphasis added.]

---

[52] *Id*. at 177, quoting MCL 600.2301.

[53] *Id*. at 174, quoting Senate Legislative Analysis, SB 270, August 11, 1993; House Legislative Analysis, HB 4403 to 4406, March 22, 1993.

We have construed this provision as containing a dual requirement: A plaintiff must (1) submit an NOI to *every* health professional or health facility before filing a complaint[54] and (2) wait the applicable notice waiting period with respect to each defendant before he or she can commence an action.[55] A plaintiff has the burden of ensuring compliance with these mandates.[56] With regard to the requirement that a plaintiff provide every defendant an NOI during the applicable limitations period before filing a complaint, nothing in *Bush* eliminates this requirement. Permitting amendment to add time-barred nonparty defendants to an original NOI on the basis of *Bush* would render the NOI requirement meaningless and the provision pertaining to nonparty defendants, MCL 600.2912b(3), nugatory.[57]

Nor does *Bush* compel the conclusion that a plaintiff can add a nonparty defendant and avoid compliance with the notice waiting period by simply amending the original NOI. As we explained in *Burton*, when a plaintiff fails to strictly comply with the notice waiting period under MCL 600.2912b, his or her prematurely filed complaint fails to commence an action that tolls the statute of limitations.[58] The plaintiff in *Burton*

---

[54] See *Omelenchuk v City of Warren*, 461 Mich 567, 572; 609 NW2d 177 (2000); *Potter*, 484 Mich at 402-403.

[55] *Burton*, 471 Mich at 752-754.

[56] *Id*. at 753, citing *Roberts*, 466 Mich at 66.

[57] See *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002) ("Courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.").

[58] *Burton*, 471 Mich at 753.

16

underwent abdominal surgery at the defendant hospital and suffered complications allegedly caused by the defendants' negligence.[59] The plaintiff sent the defendants an NOI and, 115 days later, filed a complaint.[60] After the statute of limitations expired, the defendants moved for summary disposition and argued that the plaintiff had failed to comply with the notice waiting period under MCL 600.2912b.[61] The defendants argued that the premature complaint failed to toll the statute of limitations, and we agreed.[62] We parsed the language of MCL 600.2912b and explained that it "unequivocally provides that a person 'shall not' commence an action alleging medical malpractice against a health professional or health facility until the expiration of the statutory notice period."[63] We stated:

> The directive in [MCL 600.2912b(1)] that a person "shall not" commence a medical malpractice action until the expiration of the notice period is similar to the directive in [MCL 600.2912d(1)] that a plaintiff's attorney "shall file with the complaint an affidavit of merit . . . ." Each statute sets forth a prerequisite condition to the commencement of a medical malpractice lawsuit. *The filing of a complaint before the expiration of the statutorily mandated notice period is no more effective to commence a lawsuit than the filing of a complaint without the required*

---

[59] *Id*. at 747.

[60] *Id*. at 748.

[61] *Id*. at 749.

[62] *Id*.

[63] *Id*. at 752. The Court's holding in *Burton* that a plaintiff cannot commence his or her action until the notice period has expired was unanimous. See *id*. at 758, 762-764, 766-767 (KELLY, J., dissenting).

*affidavit of merit.* In each instance, the failure to comply with the statutory requirement renders the complaint insufficient to commence the action.[64]

In sum, the significance of *Burton* is that a plaintiff cannot commence an action that tolls the statute of limitations against a particular defendant until the plaintiff complies with the notice-waiting-period requirements of MCL 600.2912b.

Nothing in *Bush* altered our holding in *Burton*.[65] The central issue in *Bush* involved the effect an NOI had on tolling when the NOI failed to comply with the *content* requirements of MCL 600.2912b(4).[66] The central issue in *Burton* involved the effect the plaintiff's failure to comply with the *notice-waiting-period* requirements had on tolling. Indeed, the *Bush* Court repeatedly emphasized that the focus of MCL 600.5856(c) is compliance with the notice waiting period set forth in MCL 600.2912b.[67] In contrast to placing doubt on the viability of *Burton*, this aspect of *Bush* aligned with *Burton*'s holding that a plaintiff must comply with the notice waiting period to ensure the complaint tolls the statute of limitations.[68]

---

[64] *Id*. at 753-754 (majority opinion) (emphasis added).

[65] We decline plaintiff's invitation to depart from well-settled precedent and overrule *Burton*. Rather, we adhere to the doctrine of stare decisis. See *Robinson v Detroit*, 462 Mich 439, 463; 613 NW2d 307 (2000) ("Stare decisis is generally 'the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.'"), quoting *Hohn v United States*, 524 US 236, 251; 118 S Ct 1969; 141 L Ed 2d 242 (1998).

[66] *Bush*, 484 Mich at 164-172.

[67] *Id*. at 169-170.

[68] Indeed, *Bush* repeatedly recognized that NOI must be timely filed. See, for example, *Bush*, 484 Mich at 161 ("[T]he current statute, [MCL 600.5856(c)], makes clear that the question whether tolling applies is determined by the timeliness of the NOI."); *id*. ("[I]f

Additional concerns support our conclusion that a plaintiff cannot amend an originally filed NOI to add a nonparty defendant. Not only would such a rule be contrary to the plain language of the statutory provisions at issue, but it would create a situation permitting endless joinder of nonparty defendants. Plaintiff would have us allow a claimant in a malpractice action to preserve claims against an infinite number of potential nonparty defendants by simply submitting an NOI to a single defendant. This would absolve a plaintiff of his or her statutory burden to preserve tolling in accord with the prerequisites explained in *Burton*. Absent the statutory mechanisms governing tolling, a claimant could continually add nonparty defendants to an existing action for an undefined amount of time. This result is contrary to the plain language of MCL 600.2912b and MCL 600.5856(c).

Moreover, amendment and relation back would defeat the very principles underlying limitations periods. In *Moll v Abbott Laboratories*[69] we explained that

> [s]tatutes of limitations are intended to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend; to relieve a court system from dealing with stale

---

an NOI is timely, the statute of limitations is tolled . . . ."); *id*. at 169 ("[T]he focus of the new [MCL 600.5856(c)] is unquestionably limited to compliance with the 'applicable notice period.'"); *id*. ("[I]f a plaintiff complies with the applicable notice period before commencing a medical malpractice action, the statute of limitations is tolled."); *id*. at 170 ("[A] plaintiff's NOI must comply only with the applicable notice period."); *id*. at 172 ("The plain language of [MCL 600.2912b(1)] mandates that a plaintiff shall not commence an action for medical malpractice without filing a timely NOI."); *id*. at 184 ("If a court ultimately determines that the [defendant's] response is not defective, plaintiff's complaint [filed 154 days, rather than 182 days after the NOI] may be deemed untimely.").

[69] *Moll v Abbott Laboratories*, 444 Mich 1, 14; 506 NW2d 816 (1993).

19

claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured; and to protect potential defendants from protracted fear of litigation.[70]

Were a plaintiff able to continually add nonparty defendants to a malpractice action, the nonparty defendants would be exposed to protracted fear of litigation and plaintiffs would not be compelled to promptly prosecute claims once they submitted an NOI to a single defendant. Nonparty defendants would not be provided a fair opportunity to defend against claims, as the facts underlying the claim could have occurred long before the party was added to the suit. Courts would be required to shepherd stale claims through their dockets, which could result in delay and docket congestion. We decline to adopt such a radical departure from the Legislature's carefully crafted framework that governs commencement and tolling in a medical malpractice suit.

## C. MCL 600.2957(2) DOES NOT SAVE PLAINTIFF'S CLAIM

Plaintiff also contends that application of MCL 600.2301 in this case is necessary to ensure that a medical malpractice claimant whose claim is governed by the six-month discovery rule can subsequently add a nonparty at fault under MCL 600.2957(2). MCL 600.2957(2) provides:

> Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. *A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.* [Emphasis added.]

---

[70] *Id*., quoting *Bigelow v Walraven*, 392 Mich 566, 576; 221 NW2d 328 (1974) (quotation marks omitted).

With respect to the present case, the key language in this provision allows a party to add a defendant to an action if the claim against the new defendant *would not have been time-barred "at the time of the filing of the original action*."[71] Plaintiff commenced the original action against Dr. Naini and MCA in October 2006. At that time, the statute of limitations had long since expired with respect to CCA. As noted earlier, the complaint was timely with respect to Dr. Naini and MCA because plaintiff sent those defendants an NOI that tolled the statute of limitations. That NOI did not toll the statute of limitations with respect to CCA. Hence, plaintiff could not add CCA pursuant to MCL 600.2957(2) because plaintiff's claim against CCA would have been barred at the time the original action was filed.[72]

---

[71] The dissent misconstrues this language as creating an independent cause of action or an additional limitations period. *Post* at 8 (stating that MCL 600.2957(2) "creates its own 91-day window in which a plaintiff can bring a claim against the identified nonparty at fault"). However, a closer reading of the statutory language reveals that it does not create an independent cause of action or limitations period. Rather, the statute allows a plaintiff to utilize the original filing to add a nonparty at fault *if and only if* the plaintiff's claim against the nonparty defendant *would not have been barred at the time of the filing of the original action*. MCL 600.2957(2).

[72] The dissent states that we erroneously conclude that plaintiff cannot use the 91-day window under MCL 600.2957(2) "because plaintiff did not provide an NOI to CCA six months before filing the original action." *Post* at 9. The dissent wrongly asserts that our holding renders "an entire provision of the [statute] . . . . nugatory" and runs counter to "the intent of the Legislature . . . ." *Post* at 10. As we explained earlier, MCL 600.2957(2), MCL 600.2912b(3), and MCR 2.112(K)(4) all work in concert to allow a plaintiff to add a nonparty to an existing malpractice action. Unlike the dissent, we will adhere to the plain language of the statute because we believe it is the best indicator of the Legislature's intent. See *Danse Corp*, 466 Mich at 181-182. Under the plain language of MCL 600.2957(2), plaintiff simply cannot add CCA to the action because his claim with regard to CCA was time-barred at the time he originally filed an action against Dr. Naini and MCA.

21

Plaintiff contends that the notice waiting period will always serve to exhaust the six-month limitations period applicable to a claim governed by the discovery rule. Plaintiff argues that it is necessary that he be able to amend his original NOI in order to avail himself of the provisions of MCL 600.2957(2). Plaintiff's argument is unpersuasive for two reasons: first, a claimant can toll the six-month limitations period by filing an NOI before that limitations period expires; second, as articulated earlier, allowing plaintiff to amend the original NOI so that he or she can add a nonparty under MCL 600.2957(2) runs counter to the Legislative framework governing commencement of and tolling in malpractice actions. We cannot ignore the plain language of MCL 600.2912b to permit a plaintiff to utilize MCL 600.2957(2) under the present circumstances.[73]

Moreover, we presume the Legislature was aware of the nuance between adding a nonparty at fault under MCL 600.2957(2) and the notice waiting period under MCL 600.2912b (i.e., that the 182-day waiting period virtually engulfs the discovery rule's six-month limitations period) when it enacted MCL 600.2957 in 1995 PA 161 as part of the 1995 tort reform legislation.[74] Further, in enacting the tort reform legislation, the Legislature eliminated joint and several liability in tort actions *with the exception of medical malpractice suits*.[75] As joint and several liability remains the rule, inclusion of

---

[73] See *Danse Corp*, 466 Mich at 181-182.

[74] See *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 522 (1993) ("It is a well-known principle that the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws").

[75] See MCL 600.2956; MCL 600.6304.

all potential parties in a medical malpractice action is not necessary in order for a plaintiff to secure full recovery.

## V. RESPONSE TO THE DISSENT

Although the dissent accuses the majority of misinterpreting the statutes at issue, it is obvious from the dissent's dire attempt to save plaintiff's claim that it is in fact the dissent that misconstrues the statutory framework governing medical malpractice claims. Central to the dissent's flawed analysis is its failure to recognize that plaintiff's claims against CCA, MCA, and Dr. Naini accrued at the same time when plaintiff discovered the negligent act and were governed by the same six-month limitations period. Thus, when plaintiff failed to provide CCA an NOI within that six-month period, plaintiff's claim became time-barred. The dissent, however, erroneously posits that plaintiff's claim accrued against CCA when plaintiff learned that CCA might be vicariously liable. This conclusion is wholly unsupported by law and ignores the statutory framework governing claim accrual. Receipt of notice of a nonparty at fault under MCL 600.2957(2) is irrelevant to determining the date of accrual of a medical malpractice claim.[76] Nor did

_____

[76] The dissent erroneously claims that this assertion "is contrary to any logical reading of the discovery rule." *Post* at 7 n 13. However, this is not so under the plain language of the statutory rules governing claim accrual. Although we have already explained the statutory framework governing claim accrual in detail, we once again make this point: a medical malpractice claim accrues "at the time of the act or omission that is the basis for the claim . . . *regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.*" MCL 600.5838a(1) (emphasis added). When a plaintiff learns of an alleged negligent act or omission that will form the basis of his or her claim two or more years after its occurrence, that plaintiff has six months from that point forward to commence an action against *all defendants* who are responsible for the alleged negligent act or omission, including defendants who are vicariously liable. MCL 600.5838a(2). Contrary to the dissent's erroneous assertion, under MCL 600.5838a(2), a plaintiff does not have a new six-month discovery period every time he or she learns of a new nonparty at fault.

23

MCL 600.2957(2) provide plaintiff with an additional 91 days in which to commence an action against the nonparty defendant, as the dissent asserts. As we have explained, that provision, by its plain language, is not a tolling provision, nor does it otherwise provide an additional basis on which to bring a claim.

Moreover, the dissent overlooks the significance of *Burton*. Plaintiff failed to comply with the 91-day notice waiting period under MCL 600.2912b(3) after he sent CCA an NOI. Pursuant to *Burton*, the premature complaint failed to commence an action that tolled the statute of limitations, and his claim was time-barred when the Court of Appeals issued its opinion and order reversing the circuit court's order denying CCA's motion for summary disposition and remanding the case to the circuit court for the entry of an order of summary disposition in CCA's favor. Although the dissent claims that *Burton* is inapplicable to the present case, the dissent would essentially overrule *Burton* and disregard the notice-waiting-period requirements mandated by MCL 600.2912b. Unlike the dissent, we will adhere to the plain language of MCL 600.2912b and binding precedent established in *Burton*.

Finally, the dissent's attempt to save plaintiff's claim through reliance on MCL 600.2301 is unavailing. As we previously stated, MCL 600.2301 does not apply in this case because it only applies in actions or proceedings that are "pending." Plaintiff's claim with regard to CCA was time-barred from the outset; hence, it was not "pending"

---

MCL 600.5838a(2). Thus, it is the dissent's, not the majority's, construction of MCL 600.5838a(2) that is "contrary to any logical reading" of the plain language of that provision.

because it could not be commenced.[77] While the dissent acknowledges that amendment under MCL 600.2301 would deprive CCA of the period permitted for the parties to attempt to settle the claim, it concludes that deprivation of this period would not affect CCA's substantial rights because there is no indication that CCA would have settled the claim. The dissent further posits that, because plaintiff "attempted to follow the applicable procedural requirements" for adding a nonparty at fault, allowing amendment under MCL 600.2301 would be "in the furtherance of justice."[78] However, the dissent's eagerness to do away with the statutory framework governing notice, limitations periods, and claim accrual simply because plaintiff "attempted" to comply with MCL 600.2957(2) amounts to nothing more than an effort to judicially toll the statute of limitations applicable to CCA by permitting plaintiff to amend the original NOI under MCL 600.2301.

## VI. CONCLUSION

Plaintiff failed to commence an action against CCA before the statutory limitations period expired and his amended complaint was time-barred. Plaintiff was not entitled to amend his original NOI and preserve tolling with regard to CCA because that would be counter to the legislative framework governing commencement of and tolling in a medical malpractice action. Because entry of summary disposition in CCA's favor was

---

[77] See *Bush*, 484 Mich at 195 (MARKMAN, J., dissenting) ("An action is not 'pending' if it cannot be 'commenced . . . .'").

[78] *Post* at 15.

25

warranted, we affirm the result reached by the Court of Appeals only and reverse the Court of Appeals' judgment in all other respects.

                           Mary Beth Kelly
                           Robert P. Young, Jr.
                           Stephen J. Markman
                           Brian K. Zahra

STATE OF MICHIGAN

SUPREME COURT

WILLIE DRIVER and BEVERLY DRIVER,

      Plaintiffs-Appellants,

v                                      No. 140922

MANSOOR G. NAINI, M.D., and
MICHIGAN CARDIOLOGY
ASSOCIATES, P.C.,

      Defendants,

and

CARDIOVASCULAR CLINICAL
ASSOCIATES, P.C.,

      Defendant-Appellee.

_____

YOUNG, C.J. (*concurring*).

Although the majority opinion correctly recognizes that *Potter v McLeary* controls whether a medical malpractice claimant must serve a notice of intent (NOI) on a professional corporation (PC) before initiating a lawsuit,[1] I continue to adhere to my partial dissent in *Potter*.[2] Nevertheless, I join the majority opinion because it faithfully

---

[1] See *ante* at 7, citing *Potter v McLeary*, 484 Mich 397, 402-403; 774 NW2d 1 (2009).

[2] *Potter*, 484 Mich at 431 (YOUNG, J., concurring in part and dissenting in part).

applies the rule established in *Potter* and because the jurisprudence of this state benefits from having a clear majority rule of law in this case.[3]

Robert P. Young, Jr.

---

[3] I note, additionally, that application of my partial dissent in *Potter* to the facts of this case would yield an identical result. MCL 600.2912b requires a medical malpractice plaintiff to serve an NOI on every potential defendant "health facility" and "health professional" a specified number of days before filing its lawsuit. Because a PC is neither a "health facility" nor a "health professional," it is not entitled to receive an NOI before being sued. Accordingly, under my partial dissent in *Potter*, defendant Cardiovascular Clinical Associates, P.C. (CCA), would not be entitled to dismissal on this basis.

Nevertheless, under my partial dissent in *Potter*, CCA would be entitled to summary disposition on statute of limitations grounds. Pursuant to the nonparty fault statute, MCL 600.2957(2), a new claim "is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action." In this case, at the time of the filing of the original action, plaintiffs acknowledge that they were already outside the 6-month discovery period of limitations applicable in the instant case. Moreover, they cannot avail themselves of tolling from the date of the original NOI (which tolled the running of the period of limitations with regard to the originally named defendants) because NOI tolling "is expressly claim specific" in that the tolling statute, MCL 600.5856(c), "restates what is tolled ('the statute'), which specifies that tolling is limited to only one statute . . . ." *Potter*, 484 Mich at 444 (YOUNG, J., concurring in part and dissenting in part).

2

STATE OF MICHIGAN

SUPREME COURT

WILLIE DRIVER and BEVERLY DRIVER,

       Plaintiffs-Appellants,

v                                  No. 140922

MANSOOR G. NAINI, M.D., and
MICHIGAN CARDIOLOGY
ASSOCIATES, P.C.,

       Defendants,

and

CARDIOVASCULAR CLINICAL
ASSOCIATES, P.C.,

       Defendant-Appellee.

_____

HATHAWAY, J. (*dissenting*).

This case addresses the procedural requirements imposed on medical malpractice actions by the notice of intent (NOI) statute[1] and the notice of nonparty fault (NNPF) statute.[2] At issue are the statutory time requirements for adding a defendant, who has been identified as a nonparty at fault, to a pending medical malpractice action. The

---

[1] MCL 600.2912b.

[2] MCL 600.2957(2).

majority holds that plaintiff's action against the identified nonparty at fault, Cardiovascular Clinical Associates, P.C. (CCA), must be dismissed with prejudice because it was not commenced before the expiration of the period of limitations. The majority also opines that plaintiff is not entitled to amend his original NOI. I respectfully dissent because the majority has incorrectly interpreted the relevant statutes, including the applicable statutes of limitations.[3]

Plaintiff Willie Driver's original complaint alleging medical malpractice was filed against defendant Mansoor Naini, M.D., and his employer, defendant Michigan Cardiology Associates, P.C. (MCA), on October 23, 2006.[4] The lawsuit alleged that plaintiff was treated by Dr. Naini for approximately 22 years, and his last visit was in October 2005. Plaintiff alleged that after he reached the age of 50, Dr. Naini failed to perform any routine colon cancer screening, despite plaintiff's age and the fact that he had a family history of colon cancer. Plaintiff further alleged that in November 2005 he was diagnosed with stage IV colon cancer with metastasis to the liver and that, if Dr. Naini had performed routine screening, plaintiff's cancer would have been diagnosed at a much earlier stage.

On January 15, 2007, MCA and Dr. Naini identified CCA as a nonparty at fault. The NNPF set forth the following:

---

[3] MCL 600.5805(6) and MCL 600.5838a(2).

[4] There are two plaintiffs in this case, Willie Driver and his wife, Beverly Driver. The majority uses the singular term "plaintiff" because Beverly Driver's claims are derivative of Willie Driver's claims. To avoid confusion, I will also use the singular term "plaintiff."

2

Although Defendants have denied and continue to deny any claimed violations of the standard of practice in regard to the care and treatment rendered or allegedly rendered to Wiliie [sic] Driver, it is believed that Mansoor C. Naini, M.D., was an employee and or agent of Cardiovascular Clinical Associates, P.C., during the times called into question by the plaintiffs. Thus, to the extent that the plaintiff's allegations are true, and those allegations have been and continue to be denied, Cardiovascular Clinical Associates, P.C., is or may be legally responsible, pursuant to the legal doctrine of respondeat superior or vicarious liability, for any and all alleged acts of professional negligence of its agent, actual and/or ostensible, servants and or employee, Mansoor C. Naini, M.D. Specifically, the alleged failure to recommend that Mr. Driver undergo a routine colonoscopy once he reached the age of 50 and/or failing to follow up on allegedly abnormal lab values, such as an elevated [carcinoembryonic antigen level].

In response to receiving this notice, plaintiff provided an NOI to CCA on February 1, 2007. Plaintiff also filed a motion to amend his complaint to add CCA as a defendant and filed suit against CCA on March 22, 2007. The majority holds that plaintiff's NOI and complaint against CCA were untimely. I disagree.

To determine whether plaintiff's NOI and complaint against CCA were timely, we must consider the NOI and NNPF statutes, as well as the applicable statutes of limitations.[5] Given that this action was filed against CCA as a result of its designation as

---

[5] In examining a statute, we follow the established rules of statutory construction. The purpose of statutory construction is to discern and give effect to the intent of the Legislature. *Potter v McLeary*, 484 Mich 397, 410; 774 NW2d 1 (2009), citing *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). In doing so, we first look to the actual language of the statute. *Potter*, 484 Mich at 410. If a statute is clear and unambiguous, it must be enforced as written and no further judicial construction is allowed. *Sun Valley*, 460 Mich at 236. Further, a statute must be read as a whole, and while individual words and phrases are important, the words and phrases should be read in the context of the entire legislative scheme. *Herman v Berrien Co*, 481 Mich 352, 366; 750 NW2d 570 (2008).

3

a nonparty at fault, the proper starting point for our analysis is the NNPF statute, MCL 600.2957. That statute provides:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to [MCL 600.6304], in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.
>
> (2) Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.
>
> (3) [MCL 600.2956 to 600.2960] do not eliminate or diminish a defense or immunity that currently exists, except as expressly provided in those sections. Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action.

As evidenced by the plain language of the statute, its purpose is to allow the trier of fact to assess the appropriate percentage of fault attributable to each of the named parties in an action. In order to accomplish this, the statute allows parties to identify nonparties as liable, so that a nonparty's proportionate share of responsibility may be determined. The trier of fact determines the percentage of fault of the parties and nonparties at the time of trial. If a nonparty is assessed a percentage of fault, that percentage is not awarded to the plaintiff because a "finding of fault does not subject the

4

nonparty to liability in that action . . . ."[6]  However, if a nonparty is identified, the plaintiff may choose to add the nonparty as a named defendant to the suit.

MCL 600.2957(2) sets forth the procedural requirements imposed on a plaintiff who chooses to add an identified nonparty to a suit.  "Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty."[7]  Further, the statute sets forth a framework to allow a plaintiff to bring a claim that may otherwise be barred by a statute of limitations.  "A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action."[8]  Thus, for purposes of calculating the period of limitations, a plaintiff who adds a nonparty as a named defendant stands in the same position as he would have on the date of the original filing.

There is no dispute in this case that plaintiff met the first requirement of the NNPF statute when he filed a motion to add CCA as a party within 91 days of CCA being identified as a nonparty at fault.  The first disputed issue is whether the period of limitations applicable to plaintiff's claim against CCA had already expired when plaintiff's original action was filed.  The majority holds that the suit against CCA was time barred because it would have been untimely when plaintiff's original action was

---

[6] MCL 600.2957(3).

[7] MCL 600.2957(2).

[8] *Id*.

5

filed. I disagree because the majority errs in its calculation of the applicable periods of limitations. The correct calculations require three separate analyses.

Medical malpractice actions are governed by a two-year statute of limitations[9] and the period of limitations is tolled when an NOI is mailed.[10] Plaintiff's claim against CCA is premised on CCA's alleged vicarious liability for the acts of Dr. Naini.[11] According to the medical records in this case, plaintiff's treatment with Dr. Naini spanned a 22-year period ending on Oct 18, 2005. Plaintiff provided CCA with an NOI on February 1, 2007. Thus, plaintiff may proceed with a claim of malpractice for any acts of negligence occurring after February 1, 2005, by virtue of the two-year period of limitations without relying on the discovery rule or the NNPF statute.

According to the medical records, Dr. Naini treated plaintiff on three occasions between February 1, 2005, and November 2005, at which time plaintiff's cancer was diagnosed.[12] Plaintiff alleges that Dr. Naini committed malpractice by failing to perform screening on each date that he treated plaintiff. Thus, the majority errs by assuming that the general two-year period of limitations had expired with regard to all of plaintiff's

---

[9] MCL 600.5805(6).

[10] See MCL 600.5856(c); MCL 600.2912b.

[11] The NNPF did not identify specific dates and merely stated, "[I]t is believed that Mansoor C. Naini, M.D., was an employee and or agent of Cardiovascular Clinical Associates, P.C., during the times called into question by the plaintiffs."

[12] Dates of visits shown in the medical records include April 4, 2005, April 18, 2005, and October 18, 2005. Plaintiff's second amended complaint alleged that CCA was Dr. Naini's employer on these dates. While it is doubtful that screening on October 18, 2005, would have been beneficial, a question of fact exists regarding whether screening would have been beneficial during plaintiff's April 2005 visits.

6

claims at the time the original action was filed. While claims arising from treatments before February 1, 2005, may have been barred by the two-year statute of limitations, claims for acts of negligent treatment after that date are not. Accordingly, there is no question that at least portions of plaintiff's claim against CCA were timely.

Further, MCL 600.5838a(2) provides an extension of the period of limitations when a claim is newly discovered:

> Except as otherwise provided in this subsection, an action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in [MCL 600.5805] or [MCL 600.5851 to 600.5856] or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. However, except as otherwise provided in [MCL 600.5851(7)] or (8), the claim shall not be commenced later than 6 years after the date of the act or omission that is the basis for the claim. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition, or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim is on the plaintiff. A medical malpractice action that is not commenced within the time prescribed by this subsection is barred.

A newly discovered claim is afforded its own six-month period of limitations that begins to run at the time the claim is discovered, assuming the plaintiff meets the requirements of the statute.[13] In this case, plaintiff alleges that he was unaware of the claim against CCA until he received the NNPF on January 15, 2007. Assuming plaintiff meets his burden of proving that he "should not have discovered" the existence of the

---

[13] Curiously, the majority states that "[r]eceipt of notice of a nonparty at fault under MCL 600.2957(2) is irrelevant to determining the date of accrual of a medical malpractice claim." *Ante* at 23. This statement is contrary to any logical reading of the discovery rule. Obviously, the accrual date for a newly discovered claim is the date the claim was discovered.

7

claim against CCA at an earlier date, plaintiff's claim against CCA is governed by the six-month period of limitations, subject to a six-year statute of repose.[14]

Importantly, however, the issue of whether plaintiff should have known of the existence of the claim against CCA before January 15, 2007, has not yet been considered or decided by the trial court. At the hearing on CCA's motion for summary disposition, the trial court only ruled on whether plaintiff was able to rely on the NNPF statute when filing his claim against CCA. The trial court did not rule on the question whether plaintiff should have known of the claim against CCA at an earlier date. Thus, it is premature for this Court to decide whether plaintiff can avail himself of the discovery rule without remanding this issue to the trial court for further fact-finding.[15]

Moreover, the NNPF statute creates its own 91-day window in which a plaintiff can bring a claim against the identified nonparty at fault, as long as the claim would have

---

[14] Plaintiff and defendant dispute whether plaintiff should have known of the claim against CCA at an earlier date. Plaintiff states that he was unaware of any employer other than MCA until he received the NNPF. Defendant counters that the medical records make reference to CCA, putting plaintiff on notice of the claim against CCA. However, mere reference to an entity in medical records may not necessarily put a plaintiff on notice of a claim. The claim at issue involves a claim for respondeat superior, which requires knowledge of a legal relationship between the parties. Legal relationships in a medical setting can be complex and can range from independent contractor agreements to traditional employment agreements to no legal relationship whatsoever. Moreover, the nature of the relationship between a provider and the building where services are rendered or corporate names in charts are generally only within the defendant's knowledge. Thus, plaintiff's claim that he was unaware of the existence of the claim against CCA is not unreasonable on its face.

[15] See *Blair v Wayne State Univ*, 393 Mich 769 (1974) (peremptorily reversing the Court of Appeals when the issue was not tried or considered by the trial court because the defendants were entitled to an opportunity to be heard.)

8

been timely on the date that the original action was filed. This 91-day window is applicable whether the claim is known or unknown. In this case, the original action against Dr. Naini and MCA was filed on October 23, 2006. Using the date of the original filing, any claims arising out of malpractice committed after October 23, 2004, are timely. The medical records show that plaintiff treated with Dr. Naini four times after October 23, 2004.[16] Clearly, portions of plaintiff's claim are timely in light of the NNPF look-back period and the two-year statute of limitations.

Further, an additional analysis is required under the NNPF statute because plaintiff's original claim was based in part on the discovery rule.[17] Therefore, we must also determine whether the NNPF 91-day window allowed plaintiff to rely on the discovery rule, applicable to his original claim, in order to avoid the statute-of-limitations defense with regard to his claim against CCA.

The majority erroneously asserts that plaintiff cannot use the NNPF 91-day window because plaintiff did not provide an NOI to CCA six months before filing the original action. However, the majority errs in this analysis. Under this reasoning, no plaintiff who brings a malpractice lawsuit under the discovery rule can ever use the NNPF statute to bring a claim against an identified nonparty at fault because no plaintiff will ever have provided an NOI to a nonparty at fault six months before filing the original

---

[16] This period covers one additional date, January 17, 2005, in addition to those noted in footnote 12 of this opinion.

[17] Plaintiff alleged in the original action that he did not know, and could not have known, of the existence of the claim until his cancer was diagnosed in November 2005.

9

suit.[18]  This reasoning renders an entire provision of the NNPF statute, the provision allowing plaintiffs to file claims against nonparties at fault, nugatory.  This clearly was not the intent of the Legislature and violates the basic tenets of statutory construction.

The majority fails to recognize that the NNPF statute creates it own 91-day window in which to bring claims against identified nonparties at fault.  If the majority's reasoning were correct, and a plaintiff were not afforded the opportunity to start his or her claim by providing an NOI to the nonparty at fault during the 91-day window, the NNPF and NOI statutes would be in irreconcilable conflict.[19]  If the statutes conflict, as the Court of Appeals held, we would need to determine which statute is more specific.[20]  If the NOI statute is the more specific statute, the proper resolution is to disallow use of the NNPF statute in malpractice cases altogether, not just to limit use of the NNPF statute to one party.  If the NNPF statute is the more specific statute, we would need to consider whether the NOI waiting periods are applicable to malpractice claims because the

---

[18] To exacerbate this issue, there is no way for a plaintiff to definitively identify which NOI waiting period he or she is required to follow before filing suit and no way to comply with a six-month waiting period. For instance, to the extent that a plaintiff relies on the discovery rule, the NOI waiting period is 91 days.  MCL 600.2912b(3).  However, plaintiffs may only avail themselves of the 91-day NOI waiting period if they should not have known of the claim at an earlier date.  *Id.*  While a plaintiff may believe he or she is entitled to rely on the discovery rule before filing suit, the trial court will not rule on the issue until after the lawsuit is filed.  Most importantly, assuming a plaintiff is required to use the 182-day rule and waits 182 days before filing, the six-month period of limitations will have expired.

[19] When two legislative enactments conflict, the more specific enactment controls. *Frame v Nehls*, 452 Mich 171, 176 n 3; 550 NW2d 739 (1996).

[20] *Id*.

10

Legislature failed to address them in the NNPF statute. However, before declaring that an irreconcilable conflict exists, we must determine whether there is a way to harmonize these statutes in the case before us.[21]

To determine whether there is a way to read the statutes harmoniously, we must examine whether plaintiff was required to provide CCA an NOI and, if so, what the applicable waiting period was. We must also resolve whether dismissal is required because plaintiff's complaint was filed too early, as the Court of Appeals concluded.[22] I find that these statutes can be read harmoniously, but only when read in concert with MCL 600.2301.[23] Therefore, I disagree with the Court of Appeals' conclusion that, because plaintiff filed "too early" against CCA, his complaint must be dismissed.

The NOI statute, MCL 600.2912b, requires that plaintiffs must provide medical malpractice defendants an NOI before filing suit. It also mandates different waiting periods, depending on the circumstances, before a plaintiff may file suit. Providing an NOI does not pose a conflict with the NNPF statute on its face however, under the

---

[21] If statutes lend themselves to a harmonious construction, that construction controls. *In re Project Cost & Special Assessment Roll for Chappel Dam*, 282 Mich App 142,148; 762 NW2d 192 (2009).

[22] The majority focuses much of its analysis on whether plaintiff can amend his NOI to add CCA. While amending his NOI is one possible course of action that could provide relief, it is unnecessary to address that issue in this instance. Plaintiff did provide an NOI to CCA before the expiration of the period of limitations. Thus, the primary issues for resolution here are whether plaintiff filed too early and whether MCL 600.2301 provides relief. I will assume arguendo that plaintiff's suit was filed too early in this instance.

[23] All three statutes are part of the same statutory scheme, the Revised Judicature Act, necessitating that they be read together.

11

majority's analysis, the waiting periods do. The NOI statute provides a waiting period of 182 days for defendants known before the plaintiff files suit,[24] a 91-day waiting period when suit is filed against a newly discovered defendant during the pendency of the suit,[25] and a 154-day waiting period if the defendant fails to respond to the NOI. Importantly, the statute also allows the defendant to forgo the waiting period altogether by indicating in writing that he or she does not wish to settle the claim. MCL 600.2912b(9) provides:

> If at any time during the applicable notice period under this section a health professional or health facility receiving notice under this section

---

[24] MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

[25] MCL 600.2912b(3) provides:

> The 182-day notice period required in subsection (1) is shortened to 91 days if all of the following conditions exist:
>
> (a) The claimant has previously filed the 182-day notice required in subsection (1) against other health professionals or health facilities involved in the claim.
>
> (b) The 182-day notice period has expired as to the health professionals or health facilities described in subdivision (a).
>
> (c) The claimant has filed a complaint and commenced an action alleging medical malpractice against 1 or more of the health professionals or health facilities described in subdivision (a).
>
> (d) The claimant did not identify, and could not reasonably have identified a health professional or health facility to which notice must be sent under subsection (1) as a potential party to the action before filing the complaint.

12

informs the claimant in writing that the health professional or health facility does not intend to settle the claim within the applicable notice period, the claimant may commence an action alleging medical malpractice against the health professional or health facility, so long as the claim is not barred by the statute of limitations.

The NNPF statute contains its own time limitation. "Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty."[26] The majority opines that this statute only requires that a motion be filed within 91 days and that the amended pleading adding the nonparty may be filed at some later date. However, this holding is at odds with how this Court has previously interpreted the NNPF statute. Following the adoption of the NNPF statute, this Court adopted MCR 2.112(K)(4) to guide parties on the proper procedure to implement the NNPF statute. The rule provides: "Amendment Adding Party. A party served with a notice under this subrule may *file an amended pleading* stating a claim or claims against the nonparty *within 91 days of service of the first notice identifying that nonparty*." (Emphasis added.) Because litigants and lower courts are expected to follow these rules, they should also be able to rely on the rules as an accurate representation of this Court's interpretation of the statute that the rule is designed to implement.[27]

---

[26] MCL 600.2957(2).

[27] The majority now suggests that a malpractice litigant could seek a later amendment under the last sentence of MCR 2.112(K)(4), which states that "[t]he court may permit later amendment as provided in MCR 2.118." Nevertheless, that does not resolve the problem because nothing in MCR 2.118 requires the trial court to grant leave to add the party. Moreover, there is no way for a plaintiff to definitively identify which NOI waiting period he or she is required to follow before filing suit.

13

Given the lack of clarity in the NNPF statute, the apparent conflict between the NNPF statute and the court rule, and assuming plaintiff's complaint was filed too early, the next question becomes what the appropriate penalty or remedy should be in this circumstance  While the Court of Appeals held that plaintiff's complaint against CCA was filed too early and, that it must be dismissed with prejudice, I disagree.  The Court of Appeals failed to consider the mandates of MCL 600.2301, which clearly apply in this situation.

MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

The plain language of this statute imposes a duty, which cannot be ignored, on all courts.  It requires that "[t]he court at every stage of the action or proceeding *shall disregard any error or defect in the proceedings* which do not affect the substantial rights of the parties."  (Emphasis added.)  This is not a discretionary provision, but a legislative mandate that courts must follow.  In determining whether relief is available under MCL 600.2301, we analyze the two § 2301 factors allowing for a cure.[28]  First, we must decide whether a substantial right of a party is implicated.  Second, we must decide whether a cure is in the furtherance of justice.

---

[28] See *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009).

14

In this instance, plaintiff appears to have attempted to follow the applicable procedural requirements. He timely filed a motion to add CCA as a party. He timely provided an NOI to CCA within the period of limitations. The alleged defect or error in the proceeding is that plaintiff filed his complaint against CCA too soon. However, there is simply no substantial right of a party at stake in this circumstance. At most, CCA was deprived of a short period of time in which it could have attempted to settle the claim. However, CCA has not demonstrated any intent or desire to settle this claim. Furthermore, CCA was not deprived of a substantial right because, as previously demonstrated, plaintiff's suit was not barred by any statute of limitations. Thus, CCA could not have raised a valid statute of limitations defense.

Next, this Court must decide whether a cure would be in the furtherance of justice. I believe that it would be. In *Bush*, we held that the plaintiff's good-faith attempt to comply with the NOI content requirements of MCL 600.2912b justified a cure. Like the plaintiff in *Bush*, plaintiff in this case attempted to follow the procedural requirements for adding a nonparty at fault. Given the complexity of the requirements, it can hardly be said that plaintiff intentionally disregarded the applicable statutes. Accordingly, a cure would be in the furtherance of justice. Therefore, MCL 600.2301 can be applied, and plaintiff's claim should not be dismissed with prejudice. Instead, because no substantial right of the parties has been impacted, the error should be disregarded under the plain language of MCL 600.2301.

For these reasons, the majority errs in holding that CCA is entitled to summary disposition and that plaintiff's lawsuit must be dismissed with prejudice. Therefore, I respectfully dissent.

Diane M. Hathaway
Marilyn Kelly


CAVANAGH, J. I concur in the result proposed by Justice HATHAWAY's dissent.

Michael F. Cavanagh